## RANCHO SAN CARLOS, Inc., v. GREENE.
### No. 8402.

Circuit Court of Appeals, Ninth Circuit.

Dec. 8, 1937.

J. E. Gardner, of Watsonville, Cal., and George M. Naus and Hubert Wyckoff, Jr., both of San Francisco, Cal. (Wyckoff, Gardner & Parker, of Watsonville, Cal., of counsel), for appellant.

Torregano & Stark, of San Francisco, Cal. (August B. Rothschild, of San Francisco, Cal., of counsel); for appellee.

Before WILBUR, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal presents the question whether the District Court may require a farm debtor, who has voluntarily dismissed his proceeding under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, relating to agricultural compositions and extensions, to pay fees and expenses of a conciliation commissioner and fees of a special master appointed by the court in the course of the proceeding.

The appellant filed a petition under section 75 and paid the fee of $10 exacted by the statute. Its petition was ordered approved as properly filed and was referred to a conciliation commissioner named Griffin. A creditor later moved to dismiss the proceeding. The court referred the motion to appellee's testate (who will for convenience be referred to as appellee), as special master, the order of reference being made with the consent or at any rate without objection on the part of counsel for the appellant. The composition proceeding was then transferred to appellee as conciliation commissioner, he having been meanwhile appointed to that position. There were hearings on the motion before the appellee, acting as special master or as commissioner, and appellee thereupon reported and recommended that a trustee be appointed and the property of the debtor liquidated. The appellant then moved to dismiss

its proceedings for the reason that its creditors with one exception had consented thereto, and on the further ground that appellant was able to make an informal settlement with its creditors if the proceeding was dismissed. The motion of appellant and the report of the conciliation commissioner, together with a request of the debtor that the commissioner be removed from any further connection with the cause, were referred to a special master named Wyman. The latter recommended that the proceeding be dismissed as requested by appellant, but that the court retain jurisdiction of the debtor for the purpose of passing upon applications fixing the allowance and directing the payment of fees and expenses of the special masters and the conciliation commissioner. The trial court approved the report. Later an order was made fixing the fees of appellee as special master at the sum of $600, and allowing him in his capacity as conciliation commissioner $277.40 as necessary disbursements. These latter consisted of the travel expense of the appellee in attending the hearings, the cost of perpetuating testimony taken thereat, the expense of an audit of appellant's books (the audit apparently having been made by the commissioner on his own motion), and some other items. The farmer debtor was ordered to pay these amounts within ten days. The appeal is from this order.

■ The subject is governed by the provisions of section 75(b) of the act, as amended, 11 U.S.C.A. § 203(b), the pertinent portions of which are quoted in the margin.[1] The language of this subsection to the effect that "no fees, costs, or other charges shall be charged or taxed to any farmer or his creditors by any conciliation commissioner or with respect to any proceeding under this section,"[2] except as therein provided, is plain and unescapable. Conceding that in a conciliation proceeding under this section motions and other contested matters may be referred to a special master, it does not follow that without his express consent the debtor may be saddled with the cost. Mere assent to the reference is not enough. Nor may other costs or charges paid or incurred by the conciliation commissioner, not provided for in the section, be assessed against the debtor. The 1933 amendment to rule 10 of the General Orders in Bankruptcy, 11 U.S.C.A. § 53, by the incorporation therein of the word "debtor," in no way alters this prohibition.

■ In seeking relief pursuant to the emergency act providing for agricultural compositions and extensions, the farm debtor has the assurance of its express terms that no charge will be made against him beyond the initial fee which he is required to pay. If the practice followed in the trial court is permitted, the cost to a beleaguered farmer of appealing to the act might well be sufficient to bankrupt him, even though he were solvent at the time of filing his petition. Congress intended

---

[1] " (b) Upon filing of any petition by a farmer under this section there shall be paid a fee of $10 to be transmitted to the clerk of the court and covered into the Treasury. The conciliation commissioner shall receive as compensation for his services a fee of $25 for each case submitted to him, and when docketed, to be paid out of the Treasury. A supervising conciliation commissioner shall receive, as compensation for his services, a per diem allowance to be fixed by the court, in an amount not in excess of $5 per day, together with subsistence and travel expenses in accordance with the law applicable to officers of the Department of Justice. Such compensation and expenses shall be paid out of the Treasury. If the creditors at any time desire supervision over the farming operations of a farmer, the cost of such supervision shall be borne by such creditors or by the farmer, as may be agreed upon by them, but in no instance shall the farmer be required to pay more than one-half of the cost of such supervision. Nothing contained in this section shall prevent a conciliation commissioner who supervises such farming operations from receiving such compensation therefor as may be so agreed upon. No fees, costs, or other charges shall be charged or taxed to any farmer or his creditors by any conciliation commissioner or with respect to any proceeding under this section, except as hereinbefore in this section provided."

[2] Appellee, having in mind the terms as used in 11 U.S.C.A. § 47 (a) and (b), relating to appeals, contends that the motions made below were "controversies" and not "proceedings;" hence, that the imposition of costs is not prohibited by the quoted provision of § 75. There is no merit in the argument. 11 U.S.C.A. § 47 has no bearing on the matter under consideration, and if it had, the motions in question were proceedings in bankruptcy, and not controversies. Taylor v. Voss, 271 U.S. 176, 180, 46 S.Ct. 461, 463, 70 L.Ed. 889.

no such result, but on the contrary took extraordinary precautions to guard against it.

The order is reversed.