### FEDERAL LAND BANK OF LOUISVILLE v. CASTANIEN.

No. 8694.

Circuit Court of Appeals, Sixth Circuit.

Jan. 7, 1941.

William C. Goodwyn and John S. Grimes, both of Louisville, Ky., for appellant.

No appearance for appellee.

J. F. Williamson and Theo. W. Bates, both of Louisville, Ky., amici curiae.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The appeal presents the question whether the power conferred upon the Bankruptcy Court by § 75, sub. s (3), of the Frazier-Lemke Act, 11 U.S.C.A. § 203, sub. s (3), to order the property of a farmer-debtor sold or otherwise disposed of, may be exercised by a Conciliation Commissioner subject to review by the judge, or whether it must be exercised by the judge of the court.

Subsection s (3), insofar as applicable, provides: "If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this Act [title]."

The debtor, Castanien, filed an amended petition under the provisions of § 75, sub. s, of the Bankruptcy Act, and listed in his schedules as an asset, real estate in Wyandot County, Ohio, mortgaged to the appellant. The petition approved by the court as duly filed was referred to a Conciliation Commissioner in an order which directed him "to take such further proceedings therein as are required by such Acts." The appellant later requested a termination of the stay and a liquidation of the debtor's estate because of his failure to comply with the orders of the court and the provisions of § 75. After due notice and hearing, the bankrupt consenting, the Conciliation Commissioner entered an order terminating the moratorium and directing the trustee to liquidate the debtor's estate. The appellant sought to have the Conciliation Commissioner certify his order to the judge of the District Court for final consideration on the ground that the Commissioner had no power to enter it. Its motion being overruled, the appellant petitioned the court for review. The District Judge overruled its exceptions, holding the Conciliation Commissioner to be clothed by the order of reference with the jurisdiction, power, and capacity of a referee in bankruptcy, and that his order affecting title to and disposing of the debtor's real estate was final and absolute unless set aside on appeal.

The appellant seeks review notwithstanding the absence of an active adversary and counsel appearing as amici curiae have filed a brief supporting the judgment. They stress the importance of an adjudication because of the many thousands of parcels of real estate which have been involved in proceedings before Conciliation Commissioners, title to which depends upon whether or not such Commissioners have power to make final orders disposing of the debtor's real estate. They say that uncertainty exists regarding such powers, and that it is of the utmost importance that it be removed to free the purchasers of mortgaged lands from apparent cloud upon their titles.

To inquiry as to whether the issue had become moot in view of the fact that the court in denying the appellant's petition for review had, in effect, made the Commissioner's order the order of the court, the answer is made that there was no affirmance of the Commissioner's order upon the merits, that the ruling of the court was, at most, analogous to the denial of an application for a writ of certiorari, which denial does not constitute approval of the judgment below; that the order of the court but affirmed the action of the Conciliation Commissioner in refusing to certify his order to the District Judge for confirmation and treated it as final and made in the exercise of full authority to do so under the order of reference.

■ The so-called Frazier-Lemke Act is a component part of the general bankruptcy law, and the relief therein afforded to farmer-debtors could be granted them only in the exercise of the constitutional power to enact laws on the subject of bankruptcies. Whether the Frazier-Lemke Act has now been revised through the general revision of bankruptcy legislation undertaken by the Chandler Act, as held in Benitez v. Bank of Nova Scotia, 1 Cir., 109 F.2d 743, or whether the relationship between the two statutes is as indicated in Home Owners' Loan Corp. v. Creed, 5 Cir., 108 F.2d 153, since the one involves emergency legislation affording temporary relief to farmers only, and the other provides a permanent bankruptcy scheme, both relate to relief of distressed debtors, through the

processes of the Bankruptcy Court, and no good reason appears why its officers similarly designated are clothed with less power in the exercise of the liquidating function in the one case than in the other.

Section 1, sub. a (9) of the Chandler Act, 11 U.S.C.A. § 1 (9) provides that "'Court' shall mean the judge or the referee of the court of bankruptcy in which the proceedings are pending"; Section 1, sub. a (20), that "'Judge' shall mean a judge of the court of bankruptcy, not including the referee"; Section 1, sub. a (26), that "'Referee' shall mean the referee who has jurisdiction of the case or to whom the case has been referred or anyone acting in his stead." Section 35, 11 U.S.C.A. § 63, defines the qualifications of referees and § 38, 11 U.S.C.A. § 66, their powers which include jurisdiction (6) to "perform such of the duties as are by this Act [title] conferred on courts of bankruptcy, including those incidental to ancillary jurisdiction, and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided."

Section 75, sub. a, provides that every Court of Bankruptcy shall appoint one or more referees to be known as "Conciliation Commissioners"; § 75, sub. n provides that in proceedings under the section, the jurisdiction and powers of the court and the title, powers, and duties of its officers, shall be the same as if a voluntary petition for adjudication had been filed; and subsection s (4), directs that the Conciliation Commissioner shall continue to act, and act as referee when the farmer-debtor amends his petition and asks to be adjudged a bankrupt. By § 75, sub. b, the Supreme Court is authorized to make such general orders as it may find necessary to govern the administration of the office of the Conciliation Commissioner, though for good cause shown a District Court may permit such general orders to be waived. In pursuance of this power the Supreme Court promulgated General Order No. 50, 11 U.S.C.A. following section 53, of which paragraph (11) provides: "Insofar as is consistent with the provisions of section 75 and of this general order, the conciliation commissioner shall have all the powers and duties of a referee in bankruptcy and the general orders in bankruptcy shall apply to proceedings under said section."

It would seem to be clear, from consideration of the foregoing sections, that except where otherwise specifically provided, a Conciliation Commissioner is clothed by the Act with all the jurisdiction and powers of a referee, and that whatever the court may do, the Commissioner may do, unless the power to be exercised is conferred not upon the court as such, but upon the judge. There is nothing novel in this concept. Within the meaning of old sections 23, sub. b and 60, sub. b, 11 U.S.C.A. §§ 46, sub. b, 96, sub b., "Courts" are taken to include the referee, MacDonald v. Plymouth Trust Co., 286 U.S. 263, 268, 52 S.Ct. 505, 76 L.Ed. 1093; In re Pottasch Bros. Co., 2 Cir., 79 F.2d 613, 101 A.L.R. 1182. A Conciliation Commissioner is clearly a referee. While he is a particular kind of a referee, and while to him are referred the supervision and liquidation of the estates of farmer-debtors only, it would seem that within such limits he exercises all of the jurisdiction and authority with which general referees are clothed. The case of In re Ashworth, D.C.Ill., 31 F.Supp. 52, is in accord with this view. While in that case emphasis was placed upon a local rule of court, it would seem that the order of reference in the present case is even broader than the rule there applied, and it should also be noted that decision was rendered before the Chandler Act became effective, more particularly defining by § 38 the jurisdiction of the referee.

Affirmed.