## PERRY v. BAUMANN et al.

### No. 9778.

Circuit Court of Appeals, Ninth Circuit.

Sept. 4, 1941.

MATHEWS, Circuit Judge.

This appeal is from an order dismissing a proceeding by appellant, William H. Perry, under § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203.

Appellant's petition alleged that he was primarily bona fide personally engaged in producing products of the soil and derived the principal part of his income from such operations. Thus, in effect, the petition alleged that appellant was a farmer within the meaning of § 75.[1] Appellees,

---

[1] Section 75, sub. r defines the term "farmer" as including "not only an individual who is primarily bona fide personally engaged in producing products of the soil, but also any individual who is primarily bona fide personally engaged

Anna Baumann, Maud E. Lane and Lane Mortgage Company, as trustee for George A. Hendricks and others, creditors of appellant, filed motions to dismiss the proceeding. The motions of Anna Baumann and Lane Mortgage Company were on the ground that appellant was not primarily bona fide personally engaged in producing products of the soil, did not derive the principal part of his income from such operations and was not a farmer within the meaning of § 75. Maud E. Lane's motion was on the ground just mentioned and two others, namely, that the proceeding was not instituted in good faith, and that it was impossible for appellant to rehabilitate himself or to offer his creditors a fair, just or equitable composition.

Thus each of the motions raised issues of fact. The issues were tried by the court without a jury. Evidence was received[2] and, upon consideration thereof, the following order was entered: "Motion to dismiss proceedings granted." The order did not state, nor does the record show, which of the several motions to dismiss was granted, nor on what ground or grounds

dismissal was ordered. The court made no findings, stated no conclusions.

Order 37 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, provides: "In proceedings under the [Bankruptcy] Act the Rules of Civil Procedure for the District Courts of the United States (28 U.S.C.A. following section 723c) shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be." Rule 52(a) of the Rules of Civil Procedure provides: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of 'the appropriate judgment." Rule 52(a) is not inconsistent with the Bankruptcy Act or with the General Orders in Bankruptcy. It therefore should have been followed in this case.

Order reversed and case remanded to the District Court, with directions to find the facts specially, state separately its conclusions of law thereon and direct the entry of the appropriate judgment, all in conformity with Rule 52(a), supra.

---

in dairy farming, the production of poultry or livestock, or the production of poultry products or livestock products in their unmanufactured state, or the principal part of whose income is derived from any one or more of the foregoing operations."

[2] The evidence consisted of eight affidavits—four supporting and four opposing the motions to dismiss.