BEECHER v. FEDERAL LAND BANK OF
SPOKANE, WASH., et al.

No. 10391.

Circuit Court of Appeals, Ninth Circuit.

Aug. 3, 1945.

As Amended on Denial of Rehearings
Jan. 7 and Feb. 25, 1946.

See also, 146 F.2d 934, 153 F.2d 987.

S. P. Beecher, of Peshastin, Wash., in pro. per., for appellant.

Henry R. Newton, of Spokane, Wash., for appellee Federal Land Bank of Spokane.

C. D. Randall, of Spokane, Wash., and Herman Howe, of Seattle, Wash., for appellee Leavenworth State Bank.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

PER CURIAM.

Pursuant to our order of June 6, 1945, appellant and appellees have each filed

their briefs herein, which have been duly considered by the court.

The order of the referee of April 30, 1940, purporting to stay all judicial proceedings against the bankrupt farmer or his property and to permit the debtor to retain possession of the latter for the period of three years was made without (a) the approved appraisal provided in subsection s of section 75, 11 U.S.C.A. § 203, sub. s, or (b) the setting aside to the debtor of his unencumbered exemptions, or (c) the ordering of the possession of the remainder of the debtor's property to remain in the debtor as prayed for by him, as provided in paragraph (1) of subsection s of section 75 of the Act, or (d) the fixing of a semi-annual rental for the property in the farmer's possession as required by paragraph (2) of subsection s of section 75 of the Act.

Since (a), (b) and (c) are conditions to be complied with prior to the making of the order of April 30, 1940, as provided in paragraph (2) of subsection s of section 75, the failure to comply with them makes the stay and possession order of 1940 void. Cf. our order of June 6, 1945.

On February 6, 1941, a meeting of the creditors was ordered for February 17, 1941, for the purposes of approving or disapproving the appraisement, of determining and setting aside the bankrupt's exemptions, delivering to him all the property of said estate, establishing a semi-annual rental thereon and staying proceedings. The hearing was had and on March 17, 1941, the referee ordered the setting aside of the exemptions and approved the appraisement, but made no order for a three year stay or possession. The order purports to antedate to April 30, 1940, the approval of the appraisal and the setting aside of the exemptions. Such antedating does not create a jurisdiction which did not exist when the 1940 stay and possession was purported to be made.

We therefore hold that the district court erred in refusing to entertain appellant's petition for review of the referee's order of March 17, 1941, and reverse that order insofar as it attempts to antedate the approval of the appraisal and the setting aside of the exemptions.

The order of October 23, 1942, determining the rent due under the void order of April 30, 1940, is void. It is ordered reversed.

Since we agree with appellant that, as yet, there has been made no valid order for a three year stay and rent paying possession to which appellant is now entitled under subsection s (2), the question is what effect does this sustaining of appellant's contention have upon the validity of th other orders appealed from in this proceeding.

Subsection s provides that by petitioning to be declared a bankrupt one may then or later petition "that he be allowed to retain possession" of his farm and other property. The order provided in s(2) allowing the farm and other property to "remain" in the possession is to be made after the period consumed in the appraisement. The Supreme Court recognizes this extended period which may elapse before the stay order starting the rental tenancy of the debtor may be made. Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, Va., 300 U.S. 440, 469, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L. R. 1455. The question then is what is the relationship of the bankrupt farmer to the possession of his farm, after, as here, he has amended his petition and has been adjudged a bankrupt but before the order allowing him "to remain" in possession is made.

It is our opinion that by the words "to retain" and "to remain" Congress meant that a farmer bankrupt is to retain possession of his farm and maintain it as a trustee for the creditors until he obtains it in his capacity of rent paying tenant under subsection s(2). It is obvious that the farm requires constant management and since no trustee is provided for such contemplated management prior to the order creating a three year rental tenancy, the words "remain" and "retain" with reference to possession indicate that the farmer is to be manager of the farm in the intervening period. This is confirmed by the language of s(4) providing that "If, at the time that the farmer debtor amends his petition or answer, asking to be adjudged a bankrupt, a receiver is in charge of any of his property, such receiver shall be divested of possession, and the property returned to the possession of such farmer, under the provisions of this title." Such management is "under the supervision and control of the court" as with any trustee or receiver. Cf. Wright v. Vinton Branch, supra, 300 U.S. at page 466, 57

S.Ct. at page 564, 81 L.Ed. 736, 112 A.L.R. 1455.

■ Regarding the order of the district court of April 30, 1943, restraining payment to appellant of moneys due from the disposition of the 1942 crop held by the Leavenworth Fruit and Cold Storage Company, and directing that that company retain these moneys in its possession, it appears, as appellee banks have heretofore argued, that the order was made "for the purpose of requiring appellant to make an accounting of the amount * * * which rightfully is rent for 1942." The Act makes provision in section 75, sub. s(2) for payment of rental within a year of the date of the order staying proceedings. No specific provision was made for rental payments under the Act prior to the issuance of a stay order, nor may an implication of the propriety of ordering such payments be properly inferred. Hepker v. Equitable Life Ins. Co., 8 Cir., 131 F.2d 926, 927; Mach v. Abbott Co., 8 Cir., 136 F.2d 7, 10. Such income prior to the rental period is held by the farmer, as trustee, subject to the control of the court, where it would be available for the spraying and other maintenance of the property. The order of April 30, 1943, withholding from appellant the crop moneys, is reversed.

■ It is provided in section 75, sub. n, that the filing of a petition "shall immediately subject the farmer and all his property, wherever located, for all purposes of this section, to the exclusive jurisdiction of the court"; thus it is clear that the court retains a general power of control over the funds of the 1942 crop as over all other property within the farmer-debtor's estate. Such funds so withheld should have been available for the necessary spraying and cultivation for the crop of 1943.

Appellant also appeals from the orders denying the following motions and petitions of appellant: (1) A motion to the court to dismiss pending petitions of creditors to the court or refer them to the conciliation commissioner; (2) a petition to the court to declare void and refer all proceedings under the farm debtor's original petition to the conciliation commissioner; (3) a motion to the court to refer future proceedings to the conciliation commissioner; and (4) an order of April 30, 1943, directing the bankrupt to spray a portion of his property within ten days.

Appellant claims that the district court in such a situation had no original jurisdiction to consider and determine any of these matters, and that all that had been done in the first instance by the court was void. There is no merit in this contention. The court had jurisdiction on such matters in the first instance. Warren v. Security-First Nat. Bank, 9 Cir., 121 F.2d 822, 825.

■ While holding that in these particular cases the court has power so to act without the prior consideration by the conciliation commissioner or, after the three-year stay, the referee, the Act clearly contemplates that wherever practicable the farmer should have the benefit of the conciliation commissioner's local knowledge and of his accessibility to the farmer. This could not be made clearer than in the provision of Section 75, sub. q, from which it is inferable that the conciliation commissioner's assistance is to enable the farmer to act without an attorney. Nor has the court the power to act in all cases without a conciliation commissioner. Subsection o of Section 75[1] specifically prescribes the conciliator's primary consideration of the facts in the most important question of modifying the stay of foreclosure proceedings, while the debtor is seeking a composition under 75, subs. a to r.

Of the important function of the conciliation commissioner in regard to the automatic stay order of Section 75, the Supreme Court, in holding void a foreclosure sale in a state county court proceeding while the debtor was seeking composition, stated:

"Congress manifested its intention that the issue of jurisdiction in the foreclosing court need not be contested or even raised

---

[1] "(o) Except upon petition made to and granted by the judge *after hearing and report by the conciliation commissioner*, the following proceedings *shall not be instituted*, or if instituted at any time prior to the filing of a petition under this section, *shall not be maintained, in any court or otherwise*, against the farmer or his property, *at any time after the filing* of the petition under this section, and *prior to the confirmation* or other disposition of the composition or extension proposal by the court: * * *

(2) *Proceedings for foreclosure of a mortgage on land*, or for cancellation, rescission, or specific performance of any agreement for sale of land *or for recovery of possession of land; * * *"* (Emphasis supplied.)

by the distressed farmer-debtor. The protection of the farmers was left to the farmers themselves *or to the Commissioners who might be laymen,* and considerations as to whether the issue of jurisdiction was actually contested in the County Court, or whether it could have been contested, are not applicable where the plenary power of Congress over bankruptcy has been exercised as in this act. (Emphasis supplied.) Kalb v. Feuerstein, 308 U.S. 433, 444, 60 S.Ct. 343, 84 L.Ed. 370. However, subsection *o* has no application when the attempt at composition has failed and the farmer becomes a bankrupt under Section 75, sub. s.

The appellee banks contend that appellant has no interest in the orchard property because prior to the filing of his petition under section 75 there has been a judgment of foreclosure and a sale of the property pursuant to that foreclosure. With this contention we do not agree. At the time of the filing of the petition under section 75 appellant still had his right of redemption which was extended on the filing of the petition by the following provisions of subsection n of section 75 that "In all cases where, at the time of filing the petition, the period of redemption has not or had not expired, or where the right under a deed of trust has not or had not become absolute, or where the sale has not or had not been confirmed, or where deed had not been delivered, the period of redemption shall be extended or the confirmation of sale withheld for the period necessary for the purpose of carrying out the provisions of this section."

Here "the period of redemption" is extended "for the purpose of carrying out the provisions of this section"—that is, section 75, of which subsection s is a part. It is obvious that without subsection n a farmer who amends his petition so that he may become a rent paying tenant of his farm with a right of redeeming it at an appraised value would find the remedy frustrated if in the extended period between the amending of his petition and the performance of the conditions precedent referred to above his period of redemption would automatically expire. The case of Hardt v. Kirkpatrick, 9 Cir., 91 F.2d 875, and Bernards v. Johnston, 9 Cir., 103 F.2d 567, cited by appellee banks, are concerned with the enjoining of sales as provided in subsection (o) and not with the redemption periods provided for in subsection (n).

The situation here is as in Wright v. Union Central Life Ins. Co., 304 U.S. 502, 513, 58 S.Ct. 1025, 82 L.Ed. 1490.

We can conceive of but rare cases in which Congress would have regarded the conciliation commissioner as more needed than here. The distressed farmer-debtor was without means for the care of a large orchard of apples, pear and peach trees. Each required a peculiarly high horticultural skill and constant and continuous fertilizing, cultivating and applying of the many sprays which were required for the different pests invading the several fruits. The court sat in Spokane, two hundred miles distant from the orchard and the farmer's home. There were the difficulties and expense of war and post-war transportation and subsistence. There was the distress of mind and disturbance in the problems of management and of repeated hearings in the distant Spokane sessions of the court. For considerable time there was no conciliation commissioner. For many months there has been a vacancy in the resident federal judgeship. Without funds for counsel and against skilled counsel, appellant was unable to resist the order appointing a receiver, taking from the farmer the management of the fruit trees he had developed into the bearing orchard, an order which, on the record, we have affirmed, as modified by our decision in 153 F.2d 987. Not only has the distressed farmer been for considerable periods without the aid of a conciliation commissioner, but the court below has refused him the allowance of fees for an attorney, a refusal which again, in the state of the record, we have upheld.

In these circumstances[2] we are of the opinion that the proceeding should be returned to the court below for the prompt compliance with the requirements of Section 75, sub. s, for the making of the three year stay order with its consequent effect upon the right of possession of the farmer on the then termination of the receivership and, if there be none, for the appointment of a conciliation commissioner and referee for his and the court's advice in "all matters" arising under Section 75, sub. s, including inter alia, the receivership accounting, and with reliance upon the past experience of the farmer in creating the orchard and his self interest in recovering it

---

[2] Cf. In re Mahaffey, 2 Cir., 129 F.2d 292, 296.

from his creditors by the discharge of their claims.

Reversed in part and affirmed in part.

It is further ordered that the petition for rehearing be otherwise denied.

It is further ordered that the mandate upon the above orders be issued forthwith.

## BEECHER v. FEDERAL LAND BANK OF SPOKANE, WASH., et al.

### No. 10789.

Circuit Court of Appeals, Ninth Circuit.

Aug. 3, 1945.

As Amended on Denial of Rehearings Jan. 7 and Feb. 25, 1946.

S. P. Beecher, of Peshastin, Wash., in pro. per., for appellant.

Henry R. Newton, of Spokane, Wash., for appellee Federal Land Bank of Spokane.

C. D. Randall, of Spokane, Wash., and Herman Howe, of Seattle, Wash., for appellee Leavenworth State Bank.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.