## BEECHER v. FEDERAL LAND BANK OF SPOKANE, WASH., et al.

### No. 10789.

Circuit Court of Appeals, Ninth Circuit.

Aug. 3, 1945.

As Amended on Denial of Rehearings Jan. 7 and Feb. 25, 1946.

S. P. Beecher, of Peshastin, Wash., in pro. per., for appellant.

Henry R. Newton, of Spokane, Wash., for appellee Federal Land Bank of Spokane.

C. D. Randall, of Spokane, Wash., and Herman Howe, of Seattle, Wash., for appellee Leavenworth State Bank.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

PER CURIAM.

This appeal was considered in connection with appeal No. 10391, 9 Cir., 153 F.2d 982, in which we this day held that appellant debtor was entitled to (a) an order staying proceedings against him or any of his property for a period of three years, and (b) the rent paying possession of the property provided in section 75, sub. s(2), of the Bankruptcy Act, 11 U.S. C.A. § 203, sub. s(2), and (c) that such possession of his property as the appellant has had prior to his rent paying tenancy under 75, sub. s(2), is that of a trustee for the creditors under the supervision and control of the court.

The district court was dissatisfied with appellant's administration of the property

and ordered appointed first a temporary and later a permanent receiver. Appellant appeals from these orders and from the order confirming the first report of the receiver. The ground of the appeals is not that a receiver was not needed or beneficial to the estate but that the district court is without power to appoint one under any circumstances.

We agree with the holding in In re Armold, 7 Cir., 83 F.2d 530, stated at page 531, that "appellant erroneously assumes that the court had no power to appoint a receiver under amended section 75. Under this section the power of the court over the bankrupt's property is almost unlimited in preserving and protecting it for the best interests of both the debtor and the creditors. See subsections e, n, p and s, § 75, as amended, 11 U.S.C.A. § 203 [subs.] e, n, p, s. Grave duties and responsibilities are thereby laid upon the court, and we see nothing in the law to prevent it from performing those duties and meeting those responsibilities with the aid of receivers, custodians or any other officers of the court, whenever occasion demands it. It would be a physical impossibility for a judge of the court personally to attend to all such duties, and we know of no enactment of Congress which indicates such requirement."

However, the words "permanent receiver" have no authority under subsection s of Section 75. A receivership under Section 75, sub. s, is not that contemplated by Section 11, sub. a(3), 11 U.S.C.A. providing,

"(3) Appoint, upon the application of the parties in interest, receivers or the marshals to take charge of the property of bankrupts and to protect the interests of creditors after the filing of the petition and until it is dismissed or the trustee is qualified . . ."

The powers of "the trustee" referred to are not those contemplated under Section 75, sub. s. Rather such a receivership is for the "limited periods" in Section 11, sub. a(5), 11 U.S.C.A., and the district court was without power to extend it permanently.

It is apparent from the district court's statements that the receivership was created under the impression that a valid three-year stay order had been made and that that period having expired the farmer-debtor had been given his chance to redeem his property and had failed. In this we have held in appeal No. 10391 that the district court erred and that the attempted stay order of April 30, 1940, is void.

Under the powers given us by 11 U.S. C.A. § 47 to revise the order appealed from, the words "permanent receiver" are ordered stricken from the order of August 17, 1943, and the words "receiver until a three-year stay order is made" are ordered substituted therefor. As so amended the order of August 17, 1943, appointing the receiver is confirmed.

Appellant contends that the district judge became disqualified on November 7, 1943, by the filing of a claimed affidavit of prejudice. The gravamen of the affidavit is the successive rulings of the judge adverse to appellant and his comments on the appellant's method of conducting his case. We do not think they constitute personal prejudice against appellant and affirm the order of the district judge declining to disqualify himself.

The petition for rehearing is denied.

It is further ordered that the mandate upon the above orders be issued forthwith.