## BEECHER v. LEAVENWORTH STATE BANK et al.

### No. 11499.

Circuit Court of Appeals, Ninth Circuit.

March 10, 1947.

Rehearing Denied April 12, 1947.

See also 160 F.2d 296.

S. P. Beecher, in pro. per.

Henry R. Newton, of Spokane, Wash., for appellee, Federal Land Bank of Spokane.

C. D. Randall, of Spokane, Wash., and Herman Howe, of Seattle, Wash., for appellee, Leavenworth State Bank.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This in an appeal from orders made on our mandate in the former appeals in causes No. 10789, 153 F.2d 987 and No. 10391, 153 F.2d 982, providing "It is further ordered, adjudged and decreed that this proceeding be, and hereby is returned to the court below for the prompt compliance with the requirements of Section 75, sub. s for the making of the three year stay order, and if there be none, for the appointment of a conciliation commissioner and referee for his (the farmer's) and the court's advice in 'all matters' arising under Section 75, sub. s, including, inter alia, any receivership accounting. (August 3, 1945, as amended by order of February 25, 1946). You, Therefore, Are Hereby Commanded that such further proceedings be had in the said cause in accordance with the opinion and decree of this court, and as according to right and justice and the laws of the United States ought to be had."

Pursuant to such mandate the district court on April 30, 1946, entered two orders: the first an order of reference to Robert F. Murray, Conciliation Commissioner of Chelan County, for all further proceedings therein, and second, an Order on Mandate. The conciliation commissioner was appointed to whom further proceedings were referred. The debtor was ordered given the possession of this property, but under the supervision and control of the conciliation commissioner.

Appellant contends that he is entitled to the free use of the moneys produced from the orchard without certain controls ordered by the court. Among others, he specifically objects to an order of the court sequestering $800 of funds of the estate in the possession of the Leavenworth Fruit & Cold Storage Co. The facts with reference to this objection are that appellant neglected to make a proper income tax return for the year 1942 and the Collector of Internal Revenue issued a deficiency assessment against appellant; the tax not being paid, he filed a claim against the receiver. Prior to that date when the Order on Mandate was entered, the Collector filed a lien against the funds of the bankrupt in the possession of the Fruit & Cold Storage Co.

■ We think the order was a proper protection of the government's tax lien.

Appellant further assigns error in that the district court authorized depositaries for the funds of the estate and directed the conciliation commissioner to retain joint control of the funds in such manner as he might deem necessary, and that all expenditures of such funds should be by check.

 We regard this order as clearly within the powers of the court under Section 75, sub. s, 11 U.S.C.A. § 203, sub. s, which provides that the possession of the bankrupt shall be "under the supervision and control of the court," and under Section 75, sub. s (2), it is also provided that after the entry of the stay order, the debtor shall be permitted to obtain possession "in the custody and under the supervision and control of the court."

. We can see no abuse of the court's discretion in so providing. ·

We have held that a receiver was properly appointed to administer the bankrupt estate until the three-year stay order was made. At the time of the Order on Mandate appealed from, the final account of the receiver had not been determined. This order excluded the undetermined funds of the receiver to be retained by him until the further order of the court. ·Appellant contends he should be given these undetermined funds before the decision on the receiver's final account.

We do not agree. The order was a reasonable exercise of the court's discretion in its control of the estate's assets for the benefit of the creditors. At the hearing here the appellant admitted that since the order was made substantial sums have been allowed him from the receiver's funds for the cultivation of his orchard.

The court below, after referring all proceedings to the conciliation commissioner, ordered him to enter "An order staying all judicial or official proceedings in any Court or under the direction of any official against the debtor or any of his property for a period of three years * * *"

Appellant assigns error that the conciliation commissioner is ordered to · enter the stay order instead of the court making the stay order itself, to be entered by·the clerk of the court. We do not agree.

We regard the stay order as the court's order which the commissioner is to cause to be entered by the clerk.

Even if we construed the court's order as ordering the commissioner himself to make, as well as cause, the stay order to be entered, such action by the commissioner is here authorized under the provisions of the Bankruptcy Act. The power of the conciliation commissioner is the same as that of the referee. Cf. Supreme Court General Order in Bankruptcy, No. 50(11), 11 U.S.C.A. following section 53, Section 75, sub. n of the Act provides that in proceedings under Section 75 the powers of the court's officers shall be the same as in a voluntary petition in bankruptcy. Under 11 U.S.C. § 66, 11 U.S.C.A. § 66, in such a proceeding the referee has jurisdiction to "perform such of the duties as are by this act conferred on courts of bankruptcy * * * as shall be prescribed by * * * orders of the courts of bankruptcy." The district court made such an order to the commissioner, if appellant's contention were correct that the order here to be entered is that of the commissioner. Cf. Federal Bank of Louisville v. Castanian, 6 Cir., 116 F.2d 589, 591.

The orders are affirmed.