## BEECHER v. LEAVENWORTH STATE BANK et al.

### No. 11503.

Circuit Court of Appeals, Ninth Circuit.
March 10, 1947.

Rehearing Denied April 12, 1947.

See also 160 F.2d 294.

S. P. Beecher, in pro. per.

Henry R. Newton, of Spokane, Wash., for appellee, Federal Land Bank of Spokane, Wash.

C. D. Randall of Spokane, Wash., and Herman Howe, of Seattle, Wash., for appellee, Leavenworth State Bank.

Before DENMAN, STEPHENS and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by appellant bankrupt from two orders of the district court made on May 23, 1945. The first was an order denying motion of farm debtor for further continuance and approving the Temporary Receiver's final report and accounting; also receiver's report and account for the period between August 15, 1943, through February 29, 1944; and from March 1, 1944, through February 28, 1945; also Receiver's estimated costs of operation from March 1, 1945, through February 28, 1946, and authorizing expenditure of funds.

■ Appellant filed certain objections to the receiver's accounts but failed to appear at the hearing thereon after he had been granted several continuances. He complains that it was an abuse of discretion not to grant a further continuance. We do not agree. The administration of a fruit ranch with its costly intensive cultivation, spraying and fertilizing, here to be paid from the receiver's funds, cannot await long periods of time in which to determine the funds available.

■ Appellant contends that the district court had no jurisdiction to appoint the receiver. There is no merit in this contention. In cause No. 10,391, decided December 30, 1944, the appellant brought before this court his appeal from orders having to do with reference to the appointment of a temporary, and later a permanent receiver, and with the approval of the receiver's account, and the orders were affirmed. Beecher v. Federal Land Bank of Spokane, 9 cir., 146 F.2d 934.

On rehearing the matter came before this court in cause No. 10,789, and the decision of this court, 9 cir., 153 F.2d 987, recites "The district court was dissatisfied with appellant's administration of the property and ordered appointed first a temporary and later a permanent receiver. Appellant appeals from these orders and from the order confirming the first report of the receiver. The ground of the appeals is not that a receiver was not needed or beneficial to the estate but that the district court is without power to appoint one under any circumstances." That is exactly the position taken by appellant in the present case.

We affirmed the orders except that we revised the order appealed from by providing that the words "permanent receiver" were ordered stricken and the words "receiver until a three-year stay order is made" were ordered substituted therefor, and this court held "as so amended the order of August 17, 1943, appointing the receiver is confirmed." 9 cir., 153 F.2d 987.

The bankrupt filed a petition for writ of certiorari to the Supreme Court in both causes No. 10,391 and No. 10,789. In his petition he appealed from the "Order Appointing a Temporary Receiver," filed July 3, 1943, from the "Order Appointing a Permanent Receiver," filed August 17, 1943, and from the "Order Confirming the First Report of the Receiver," filed April 15, 1944. Briefs were filed and the Supreme Court denied certiorari on June 10, 1946.

Beecher v. Federal Land Bank 66 S.Ct. 1364, 90 L.Ed. 1641. Petition for rehearing was denied in both causes on October 14, 1946. Beecher v. Federal Land Bank, 67 S.Ct. 28, 91 L.Ed. ——, ——.

Appellant again contends that the district judge was disqualified by his affidavit filed on November 27, 1943. This is the same affidavit of which we said in Beecher v. Federal Land Bank, 9 cir., 153 F.2d 987, 988, certiorari denied, 66 S.Ct. 1364, 90 L.Ed. 1641, "The gravamen of the affidavit is the successive rulings of the judge adverse to appellant and his comments on the appellant's method of conducting his case. We do not think they constitute personal prejudice against appellant and affirm the order of the district judge declining to disqualify himself."

The orders appealed from are affirmed.