**BEECHER v. LEAVENWORTH STATE BANK et al.**

No. 12084A.

United States Court of Appeals
Ninth Circuit.

Sept. 14, 1950.

Rehearing Denied Oct. 28, 1950.

See also 184 F.2d 506.

S. P. Beecher, in pro. per.

Henry R. Newton, Spokane, Wash., for appellee Fed. Land Bank of Spokane.

C. D. Randall, Spokane, Wash., and Herman Howe, Seattle, Wash., for appellee Leavenworth State Bank.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

Beecher, a farmer debtor, appeals from orders of the district court entered in proceeding under § 75 of the Bankruptcy Act.[1] The orders here for review are the order of December 30, 1947, approving the final report of the receiver, and the order of August 23, 1948, approving the supplemental final report of the receiver and ordering the receiver's discharge.

The appeals here involved arise out of a proceedings commenced July 31, 1939, when Beecher filed a petition for relief under § 75 sub. a to sub. r of the Bankruptcy Act. Failing to secure the assent of his creditors to an offer of composition, Beecher filed an amended petition under § 75 sub. s and was adjudicated a bankrupt on February 1, 1940, He remained in possession of his property under a stay and rental order later declared void by this court in Beecher v. Federal Land Bank, 9 Cir., 153 F.2d 982, 984, until July, 1943, when, because of appellant's neglect of the property,[2] a receiver was put in possession of the orchard property involved. The receiver's possession was terminated and appellant restored to possession on May 6, 1946. Previous opinions of this court dealing with Beecher's § 75 litigation are noted in the margin.[3]

Appellant contends that all acts of the receiver were void and that certain specific allowances are improper.

To support his contention that all acts of the receiver were void, appellant, for the third time in this court, challenges the appointment of the receiver.[4] In so far as appellant's present attack is rested on the theory that the alleged defects in the appointment are jurisdictional, his contentions are without merit. We consider the appointment of the receiver res judicata.

Appellant maintains that the costs and expenses of the receivership cannot be paid out of the earnings resulting from the receiver's operation of the property. In the circumstances of this case, we are unable to agree. The receivership was made necessary because Beecher neglected the property—property of a type requiring constant care to preserve its value. In addition, the receiver's operation of the property resulted in a substantial profit. In circumstances such as these, the disbursements now before this court in the review of the above mentioned orders and which were incurred in conducting and closing the receivership may, save as herein specifically disallowed, be paid out of income derived from operating the property.

Specific allowances to which appellant excepted include:

(a) *Fee to the receiver.*

Appellant contends, on various grounds, that the allowance of a fee to the receiver for operating the property is un-

1. 11 U.S.C.A. § 203.

2. The circumstances necessitating the appointment of a receiver are described in Beecher v. Federal Land Bank, 9 Cir., 146 F.2d 934, 938.

3. Beecher v. Federal Land Bank of Spokane, 9 Cir., 143 F.2d 580, Id., 9 Cir., 146 F.2d 934 (2 cases), Id., 9 Cir., 146 F.2d 940, Id., 9 Cir., 146 F.2d 1000, Id., 9 Cir., 153 F.2d 982, certiorari denied 328 U.S. 869, 66 S.Ct. 1376, 90 L.Ed. 1639 and 328 U.S. 871, 66 S.Ct. 1376, 90 L.Ed. 1641, rehearing denied 329 U.

S. 822, 67 S.Ct. 34, 91 L.Ed. 699; 9 Cir., 153 F.2d 987, certiorari denied 328 U.S. 871, 66 S.Ct. 1376, 90 L.Ed. 1641, rehearing denied 329 U.S. 819, 67 S.Ct. 28, 91 L.Ed. 697; Beecher v. Leavenworth State Bank, 9 Cir., 156 F.2d 220, Id., 9 Cir., 160 F.2d 294, Id., 9 Cir., 160 F.2d 296; Beecher v. Federal Land Bank of Spokane, 9 Cir., 166 F.2d 85.

4. See Beecher v. Federal Land Bank of Spokane, 9 Cir., 146 F.2d 934, Id., 9 Cir., 153 F.2d 987; Beecher v. Leavenworth State Bank, 9 Cir., 160 F.2d 296.

lawful. The district court allowed the receiver $1500 for services rendered subsequent to February 28, 1945. However, as Beecher contends, it appears that the amount was determined without reference to the limitations prescribed by § 48 of the Bankruptcy Act.[5] Although the other contentions of appellant with regard to the propriety of this allowance are without merit, this branch of the case must be remanded for determination of the compensation to be allowed, in the light of the provisions of § 48, for the period subsequent to February 28, 1945.

(b) *Payment of federal income taxes for 1943, 1944 and 1945.*

The receiver paid federal income taxes for the years 1943, 1944 and 1945. Appellant seeks to surcharge the receiver with the amounts paid on the ground that as a matter of law the receiver had no authority to pay such taxes.

The tax returns in question were prepared by a certified public accountant considered by the trial judge to be experienced in tax matters, the receiver was in possession of and operating all of appellant's income-producing property, and it seems clear that the receiver acted in the best of faith in making such payments. In addition, we have previously had before us, Beecher v. Leavenworth State Bank, 9 Cir., 160 F.2d 296, appeals from the orders of May 23, 1945, which approved the Temporary Receiver's final report and accounting; also the receiver's report and account from August 15, 1943, through February 28, 1945; and also the receiver's estimated costs of operation from March 1, 1945, through February 28, 1946, and authorizing the expenditure of funds. These orders authorized the receiver to pay the 1943 and 1944 federal income tax, and we affirmed them.

While good faith and honesty will not alone protect a receiver who has made unauthorized payments, we think the circumstances surrounding the payments in question were such as to protect the receiver from surcharge. Since the United States was not a party to the proceeding in Beecher v. Leavenworth State Bank, 9 Cir., 160 F.2d 296, or to the proceeding resulting in the present appeal, this decision denying a surcharge against the receiver is without prejudice to further attempts by the receiver or his successor in interest to secure a refund of such tax payments.

(c) *Fee to the attorney for the receiver.*

The attorney for the receiver was allowed $1350 as compensation for professional services performed since July 3, 1943, the date the receiver was appointed. Until December 30, 1947, the attorney was employed without the order from the district court required by Order 44 of the General Orders in Bankruptcy,[6] which provides: "No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the receiver, trustee or debtor in possession, stating the name of the counsel whom he wishes to employ, the reasons for his selection, the professional services he is to render, the necessity for employing counsel at all, and to the best of the petitioner's knowledge all of the attorney's connections with the bankrupt or debtor, the creditors or any other party in interest, and their respective attorneys. If satisfied that the attorney represents no interest adverse to the receiver, the trustee, or the estate in the matters upon which he is to be engaged, and that his employment would be to the best interests of the estate, the court may authorize his employment, and such employment shall be for specific purposes unless the court is satisfied that the case is one justifying a general retainer. If without disclosure any attorney acting for a receiver or trustee or debtor in possession shall have represented any interest adverse to the receiver, trustee, creditors or stockholders in any matter upon which he is employed for such receiver, trustee, or debtor in possession, the court may deny the allowance of any fee to such attorney, or the reimbursement of his expenses, or both, and may also deny any allowance to the receiver or trustee if it shall appear that he failed to make diligent inquiry into the connections of said attorney. * * *"

---

5. 11 U.S.C.A. § 76.

6. 11 U.S.C.A. following section 53.

It has been repeatedly held that an attorney is not entitled to compensation unless there has been full compliance with General Order 44. Albers v. Dickinson, 8 Cir., 127 F.2d 957 and cases there cited. Further, it appears that on May 23, 1945, the then district judge refused an allowance of $450 to the receiver's attorney for services rendered up to that time "for the reason that the Receiver has not filed herein any Petition for the appointment of an attorney for said receiver."

■ The district court, in allowing the fee to the attorney for the receiver for the period prior to December 30, 1947, is reversed. He is entitled to fees only for such services after that date, the order then made being a valid compliance with Order 44.

(d) *The allowance to the conciliation commissioner of a fee of $250 for hearing the receiver's report.*

■ The record shows that this fee was awarded to the conciliation commissioner for the extra work of the hearing on the receiver's report. The commissioner was considered by the court to be then acting as a special master for the court at this hearing, and the court was careful to point out that no part of the fee was intended to cover the amount of time and service the commissioner rendered in other phases of the bankruptcy proceeding. However, the fees of a conciliation commissioner for his services in § 75, sub. s proceedings are explicitly regulated by § 75, sub. s (4) of the Bankruptcy Act, and that provision prohibits the allowance here made. Littleton v. Kincaid, 4 Cir., 179 F.2d 848, 854; cf. Rancho San Carlos v. Green, 9 Cir., 93 F.2d 338, 339. The district court, in allowing the additional fee of $250, is reversed.

(e) *Fees to Attorney Horswill.*

■ The order of December 30, 1947, approving the receiver's final report, authorized the payment of fees to Attorney Horswill. The order of August 23, 1948, approved the action of the receiver in paying the fee authorized. A separate order of December 30, 1947, also authorized the payment of the same fees to Horswill, and Beecher duly filed a notice of appeal. However, the record fails to show that the clerk served the notice of appeal from the last mentioned order on Horswill, the party who would be prejudiced by a reversal of this order. Substantially the same questions are presented, so far as the allowance of fees to Horswill is concerned, in the appeals from the orders approving the receiver's reports and the separate order allowing the payment to Horswill. We therefore reserve our jurisdiction to determine the validity of the orders approving the receiver's reports in so far as they dealt with the payment of fees to Horswill, until Horswill has been served with notice of the appeal from the separate order of December 30, 1947, authorizing the payment of fees to him, and has been afforded an opportunity to present to this court his contentions in support thereof. He may appear here by his brief without such service of notice.

(f) *The petition to sue the receiver.*

■ The district court's order of December 30, 1947, approving the receiver's final report, denied Beecher's petition to sue the receiver. We think that Beecher, in possession as trustee under the supervision of the court, properly could seek the court's order with reference to such a suit. The court received evidence on questions of fact involved, such as whether the receiver rented equipment when he should have used Beecher's, the care that was taken of the orchard, and the care of certain personal property. However, the court did not, as required by Order 37 of the General Orders in Bankruptcy [7] and Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A., find the facts specially and state separately its conclusions of law thereon. See Perry v. Baumann, 9 Cir., 122 F.2d 409. That part of the order last mentioned dealing with a suit against the receiver is reversed and remanded to the district court with directions to find the facts specially, state separately its conclusions of law thereon, and direct the entry of an appropriate order. We think, however, that before this

---

7. 11 U.S.C.A. following section 53.

502

is done the district court may, in its discretion, receive additional evidence on the issues presented.

There is no merit to the other exceptions taken by Beecher to the orders approving the receiver's report.

The provision in the order of August 23, 1948, discharging the receiver and exonerating his bond, is reversed; the receiver is not to be discharged until final disposition of the matters left open by this opinion.

Beecher is liable for one-half the cost of these appeals, the balance being chargeable to appellees.