539 F.2d 1231
 In the Matter of LAURENT WATCH CO., INC., dba Cascade Car
Wash, Debtor. Lee J. COHEN and Cohen and Freeman
(an Incorporated Law Firm), Petitioners-Appellants,
v.
UNITED STATES of America, Amicus Curiae-Appellee.
 No. 74-3123.
 United States Court of Appeals,
Ninth Circuit.
 July 12, 1976.
 
 Lee J. Cohen, in pro. per.
 J. Mark Waxman, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.
 OPINION
 Before BROWNING, WALLACE and SNEED, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Lee J. Cohen applied for compensation for services rendered as counsel for the debtor in possession in a Chapter XI proceeding. The referee in bankruptcy denied the application on the ground that no order had been entered appointing appellant as counsel in accordance with Bankruptcy General Order 44.
 
 
 2
 Appellant then filed a motion for entry of an order appointing appellant as counsel to the debtor in possession nunc pro tunc, and for reopening of the hearing on appellant's application for allowance of compensation. The referee found that the compensation sought by appellant was fair and reasonable, but denied the motion for an order of appointment nunc pro tunc on the sole ground that such an order was barred by Beecher v. Leavenworth State Bank, 184 F.2d 498 (9th Cir. 1950). The district court affirmed the referee's denial of appellant's motion for entry of a nunc pro tunc order of appointment.
 
 
 3
 Beecher does not bar entry of a nunc pro tunc order. Whether the requirement of General Order 44 may be met by a nunc pro tunc order in proper circumstances was not an issue in Beecher.
 
 
 4
 The record in this case discloses that the referee made the determinations required by General Order 44 before appellant performed the services for which he seeks compensation. A nunc pro tunc order of appointment is therefore not forbidden.
 
 
 5
 The order of the district court is reversed. The cause is remanded for consideration of whether there should be entered a nunc pro tunc order appointing appellant counsel for the debtor in possession. Since the district court did not review the referee's finding that the compensation sought by appellant was fair and reasonable, we express no opinion on that question.
 
 
 6
 Reversed and remanded.
 
 SNEED, Circuit Judge (dissenting):
 
 7
 I dissent. Rules such as that embodied in General Order 44 contribute substantially to the orderly disposition of commercial affairs. Sometimes their application may appear harsh but this appearance is due in no small measure to the fact that the celerity and orderliness resulting from almost universal compliance is not visible to us when we come to consider the plight of one who "missed the train." Our invocation of the magic of "nunc pro tunc" assists the stranded passenger before us at the expense of all who must ride in the future. By reason of our decision they know not when their next train departs.
 
 
 8
 In addition there is no indication in Beecher v. Leavenworth State Bank, 184 F.2d 498 (9th Cir. 1950) that its refusal to countenance the payment of a fee in the absence of compliance with General Order 44 would yield to a "nunc pro tunc" approach. "Nunc pro tunc" is an incantation to permit the correction of yesterday's oversight, not yesteryear's failure on the part of experienced counsel to abide by plain and unambiguous rules. I think Beecher stands for that proposition.
 
 
 9
 Finally, the contest here essentially is between an inattentive attorney and creditors of the bankrupt. What he gets, they do not. I see little to choose between them on equitable grounds. Both have expended more than they will receive in return. The answer to the argument that the attorney enhanced the creditors' recovery is that they contributed to the bankrupt's estate without which the work of the attorney might not have been needed.
 
 
 10
 I would adhere to Beecher and enforce General Order 44.