Lawrence and Jacqueline **MEES**,
Plaintiffs and Appellees,

v.

Eleanor and Kenneth **ERETH**,
Defendants and Appellants.

**Civ. No. 900141.**

Supreme Court of North Dakota.

Oct. 31, 1990.

William P. Zuger (argued), Zuger Law Offices, Bismarck, for plaintiffs and appellees.

Jack McDonald, Jr. (argued), Wheeler Wolf, Bismarck, for defendants and appellants.

MESCHKE, Justice.

Eleanor and Kenneth Ereth appealed from a district court order denying their motion to direct the Burleigh County Sheriff to return, to their accounts in Norwest Bank, Ereths' funds that the Sheriff had seized pursuant to an execution levy. We retain jurisdiction of the appeal but remand for service of the notice of appeal upon the Burleigh County Sheriff.

Lawrence and Jacqueline Mees obtained a money judgment for $35,609.50 against the Ereths. On October 3, 1989, the clerk of the district court issued an execution on the judgment, and the Mees' attorney, William Zuger, requested the Sheriff to levy upon the Ereths' assets at Norwest Bank. A deputy sheriff served notice of the execution levy on Norwest Bank on October 4, 1989. The following day the Bank surrendered to the deputy sheriff a total of $36,-253.32, $226.97 from the Ereths' personal savings account, $228.09 from their personal checking account, $2,169.11 from their business account, and $33,629.15 from Kenneth Ereth's individual retirement account.

After advice from the State's Attorney, the deputy sheriff disbursed the funds to William Zuger on October 6, 1989. Later that day the deputy sheriff served notice of the levy and execution on the Ereths.

The Ereths filed a timely claim of exemptions, dated October 10, 1989, claiming that the entire amount was exempt. *See* NDCC 28–21–12, 28–22–03, and 28–22–03.1(3). The Sheriff received the claim of exemptions on October 12, 1989 and informed the Ereths' attorney that the funds had been disbursed. Thereafter, Ereths moved the district court to direct the Sheriff to return the funds to the Bank. The Sheriff was served with notice of this motion. Following a hearing, the district court denied the motion. The Ereths appealed.

Our rules of appellate procedure direct the clerk of the trial court to mail a copy of the notice of appeal to "the supreme court and to counsel of record for each party other than the appellant...." NDRAppP 3(d). Furthermore, the clerk is directed to note in the docket the names of the parties to whom copies are mailed, with the date of mailing. *Id.* In this case, the record does not show that a copy of the notice of appeal was mailed by the clerk to the Sheriff. Nor has the Sheriff appeared or filed a brief in this court.

Although the Sheriff was not a party to the original action brought by the Mees against the Ereths, he is a party whose interest would be affected by a decision on the merits of this appeal. Ordinarily, an appellant's counsel should instruct the

clerk of the trial court about who to serve with copies of the notice of an appeal. If the appellant's counsel does not do so, it may affect consideration and disposition of the appeal as in this case. However, NDRAppP 3(d) also directs that "failure of the clerk to cause the notice to be mailed does not affect the validity of the appeal."

The Note to NDRAppP 3 explains that "Rule 3, FRAppP, is substantially adopted in this rule." For that reason, we often look to interpretative federal caselaw for guidance in applying our rule. *Wall v. Lewis*, 393 N.W.2d 758, 764 n. 2 (N.D.1986). *See Beecher v. Leavenworth State Bank*, 184 F.2d 498, 501 (9th Cir.1950); *Pike v. Ruby Foo's Den*, 232 F.2d 683 (D.C.Cir. 1956).

> However, the record fails to show that the clerk served the notice of appeal from the last mentioned order on Horswill, the party who would be prejudiced by reversal of this order.... We therefore reserve our jurisdiction to determine the validity of the orders ... in so far as they dealt with ... Horswill, until Horswill has been served with notice of the appeal ... and has been afforded an opportunity to present to this court his contentions in support thereof.

184 F.2d at 501. Thus, *Beecher* solved a similar situation.

Accordingly, we deem it appropriate, while retaining our jurisdiction of this appeal, to remand the case to the clerk of the trial court with directions to serve a copy of the notice of appeal on the Sheriff. *See also Harmon Motors v. First National Bank & Trust Co.*, 436 N.W.2d 240 (N.D. 1989). In addition, we direct that counsel for the Ereths serve the Sheriff with copies of the appellants' brief and of this opinion, and file proof of service with this court. The Sheriff shall have thirty days after service of the appellants' brief to file a brief in response thereto, and, if desired, to request oral argument on his behalf.

Jurisdiction of this appeal is retained by the Supreme Court and the case is remanded to the district court with directions accordingly.

ERICKSTAD, C.J., and GIERKE, VANDE WALLE and LEVINE, JJ., concur.