[File No. 6825]

DAKOTA NATIONAL BANK OF FARGO, NORTH DAKOTA, a Corporation, Respondent, v. W. O. SALZWEDEL, Appellant.

(3 NW(2d) 468)

Opinion filed April 17, 1942

*Gordon LaBree,* for appellant.
*John C. Pollock,* for respondent.

BURR, Ch. J.   A writ of execution upon a money judgment was issued by the district court, requiring the sheriff to levy upon property of the defendant.   The execution was not directed against any special property.   The sheriff levied upon, and took into his possession, a truck belonging to the defendant.

The defendant moved the district court for an order setting aside the

levy. This motion was addressed to the plaintiff and to its attorney—not to the sheriff—and was based upon an affidavit of the defendant, his schedule of all the property he claimed to own, and his claim of exemptions. These papers were served upon the plaintiff, and a copy thereof given to the sheriff, on December 4, 1941. On December 6, the plaintiff gave notice to the defendant of its objection "to the sufficiency of the claim for exemptions . . . for the reason that the said claim does not include a schedule of all of the personal property of the said defendant of every kind and character, including money on hand and debts due and owing to said defendant debtor."

This motion came on for hearing before the court on December 12, 1941; and on the hearing, plaintiff filed an affidavit purporting to show that defendant was not the head of a family; that he was the owner of a large amount of personal property other than the truck involved; and that he had failed to schedule this other property while claiming exemptions.

The trial court denied the motion to set aside the levy. From this order the defendant appeals, setting forth four specifications of error, the gist of which is that the court erred in refusing to set aside the levy.

There is no dispute but what the levy under execution was made in due form. Section 7740, Comp. Laws, provides: "No property shall be exempt from execution . . . in an action brought for its purchase price or any part thereof." Section 7733 of the Compiled Laws provides that where the defendant claims the property levied upon is exempt from execution as "additional exemptions," he "shall make a schedule of all his personal property of every kind and character, including money on hand and debts due and owing to the debtor, and deliver the same to the officer having the execution . . . which said schedule shall be subscribed and sworn to . . . and any property owned by the debtor and not included in said schedule shall not be exempt. . . ."

This section provides further "that no claim for exemption shall be disallowed for insufficiency as to form unless three days' notice in writing shall have first been given of the insufficiency by the party in interest claiming such insufficiency to the person making the claim for exemptions, and specifying in apt language the defect complained of."

It provides further that in such case, the debtor has three days in which to amend to conform to the objections, if he sees fit. No amendment was made.

Section 7738 of the Supp. provides that when the sheriff makes a levy on personal property, "he must give notice thereof by copy to the debtor, his attorney, agent or wife, or, failing to conveniently find either," to a child sixteen years of age or over, being a member of the family of the defendant, "and the debtor or such other person for him must claim or demand the benefit of these exemptions within ten days after such notice from the officer," and the notice must state a claim for exemption, if desired, which must be made within the ten days. Such notice was given November 29, 1941.

Article 2 of chapter 12 of the Code of Civil Procedure, being §§ 7729 to 7743 of the Compiled Laws, as amended, makes provision for exemptions, and the only property which is exempt from sale under the levy of such an execution as this is the property claimed as exempt by the debtor or by someone for him. Property owned by him, but not claimed as exempt, is not immune from sale.

· In his "affidavit, schedule of property and claim of exemptions," defendant set forth and claimed what is known in the statute as "absolute exemptions," such as wearing apparel, family pictures, provisions, and fuel, etc., as described in § 7730 of the Compiled Laws as amended by chapter 238, Laws of 1935. In addition, he specified what he terms "additional exemptions by reason of the fact that he is the head of a family," and as such "additional exemptions," he specified the truck levied upon, and which he said was valued at $1,200.

We are not concerned with the provisions of § 7730 of the Compiled Laws as amended, which prescribes absolute exemptions. These are not dependent on quantity or on value, nor involved here.

Section 7731 of the Supp., as amended by chapter 239 of the Session Laws of 1935, makes provision for "additional exemption," and under this head a debtor, the head of the family, may select, in addition to his absolute exemptions, "goods, chattels, merchandise, money or other personal property not to exceed in the aggregate $1,500 in value," and such property will be exempted from sale, but "must be chosen *and appraised* as hereinafter provided." They are dependent upon value. Our law makes provision for "specific alternative exemp-

tions," which must also be appraised. But the claim made here does not come under this head. It is governed by the provisions of § 7731 of the Supp. as amended.

The purpose of appraisal is to ascertain the value of the property levied on in order that the debtor may get his property back, if, when appraised, it is less in value than the amount provided by law. In the case at bar, "goods, chattels, merchandise" were claimed as exempt, and the statute requires that after the debtor makes his claim and specifies his property, the property must be appraised; and in this respect this class of property claimed as exempt must not exceed the value of $1,500 as found by the appraisers. Exemptions allowed by other statutory provisions are not relevant here.

Section 7734, Comp. Laws, provides how the appraisers shall be selected—one by the debtor, one by the creditor, and a third by these two, or if they fail to agree upon a third appraiser, then by the officer having the execution. The debtor did not appoint an appraiser, nor give the sheriff time to appoint one for him. The only time the debtor delivered to the sheriff any schedule of exemptions was when he served the notice of motion to dissolve the levy, and even this motion was not directed to the officer. If we assume that the giving to the sheriff a copy of the motion papers, which included his affidavit and claim for exemptions and the schedule of his property, is a sufficient compliance with § 7733, so far as this section requires the delivery of a schedule to the officer, it is clear that this is all the debtor did with reference to his claim, and the matter was presented to the district court eight days thereafter. Neither does the requirement for appraisal depend upon any demand made by the creditor, for if either the creditor or the debtor fails to select an appraiser, the officer selects one for him. The appraisement must go on.

Under the provisions of § 7735, Comp. Laws, these appraisers are required to appraise at the actual value. If the appraised valuation is less than the amount of exemption allowed, the debtor gets his property back. If the appraisement exceeds the value of exemption allowed, the debtor has the option of selecting such of the property as shows the amount of the exemption allowed according to the appraisement, "leaving the remainder, if any, subject to legal process."

Under the execution, therefore, the sheriff seizes property of the debtor, retains it in his custody under the duty of selling it to satisfy the judgment. If the property or any portion thereof is such as may be claimed as exempt and is so claimed, and is not absolutely exempt, then an appraisement of that property must be made. If it be found that under the appraisement the debtor is entitled to the property, or part thereof, he takes the property he is entitled to, and leaves "the remainder, if any, subject to legal process." It is only after the appraisement has been made that the debtor can demand possession of the property. We are not concerned with what would happen if the truck would be appraised in a sum exceeding $1,500, but sells for less. This is not before us.

What would be the debtor's remedy in case the sheriff refused to restore to the debtor the property he is entitled to, after the appraisement is made, and shown to be less than the amount of exemption allowed, is not involved here. When the sheriff retains such property, or sells the same, it will be time enough to determine what remedy the debtor has. Neither are we passing upon whether in any event a levy may be vacated as attempted here. Clearly, in the case at bar, the defendant was not entitled to a return of the property. The order appealed from is, therefore, affirmed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.