CROWN CORK & SEAL CO., a Corporation,
Plaintiff and Respondent,

v.

John F. BARNES and State Bonding Fund,
an Agency of the State of North Dakota,
Defendants and Appellants.

Civ. No. 8414.

Supreme Court of North Dakota.

Sept. 19, 1967.

Shaft, Benson, Shaft & McConn, Grand Forks, for plaintiff and respondent.

Thompson, Lundberg & Nodland, Bismarck, for defendant and appellant John F. Barnes.

Helgi Johanneson, Atty. Gen., and Paul M. Sand, Asst. Atty. Gen., Bismarck, for defendant and appellant State Bonding Fund.

STRUTZ, Chief Justice.

The plaintiff brings this action against the defendant Barnes, sheriff of Burleigh County, and against the State Bonding Fund as surety on his official bond, to recover damages it claims to have suffered by reason of the failure of the sheriff to return an execution issued on a certain judgment in favor of the plaintiff and against the Dakota Malting and Brewing Company, within sixty days as required by law. The action was tried by the trial court as an amercement proceeding against the sheriff under the provisions of Section 28-21-19, North Dakota Century Code. That section, at the time of the commencement of this action, read as follows:

"*Amercement of Sheriff.*—If any sheriff or other officer shall refuse or neglect to execute any writ of execution directed to him which has come to his hands, or to sell any personal or real property, or to return any writ of execution to the proper court, on or before the return day, or on demand to pay over to the judgment creditor or his agent or attorney of record all moneys by him collected or received for the use of said party at any time after collecting or receiving the same, except as otherwise provided, or on demand made by the judgment debtor or his agent or attorney of record, to pay all surplus received from any sale, such sheriff or other officer, on motion in court and two days' notice thereof in writing, shall be amerced in the amount of said debt, damages, and costs with ten per cent thereon to and for the use of said judgment credi-

tor or judgment debtor as the case may be."

In the trial of the action, the plaintiff introduced evidence to establish the recovery of a judgment against Dakota Malting and Brewing Company, the issuance of an execution thereon, and the delivery thereof to the defendant sheriff and his failure to levy execution or to return the execution within the time fixed by law for the return thereof. The plaintiff did not introduce any evidence to show that it was damaged by the failure of the sheriff to make such return within the statutory period, claiming that the showing of damages on account of the failure of the sheriff was irrelevant and immaterial.

The defendant Barnes served and filed his answer, claiming that he had done everything required of him under the law and that the plaintiff had not been damaged because mortgages and liens against the property of the judgment debtor were far in excess of the value of such property, and that there was no equity in such property subject to levy. The State Bonding Fund also answered, alleging that the plaintiff, as a foreign corporation, could not maintain this action because it does not have a certificate of authority to do business within the State of North Dakota; that the plaintiff has, in fact, been engaged in doing business in the State without such certificate and that, under North Dakota law, a foreign corporation which has been doing business in the State without a certificate of authority cannot maintain an action in any of the courts of the State.

The plaintiff, on the other hand, claims that it is engaged solely in interstate commerce and that, since its only business in the State of North Dakota was in interstate commerce, it was not transacting any such business in the State as would require a certificate of authority under the law. It points out that Section 10-22-01(9) of the North Dakota Century Code specifically provides that a foreign corporation shall not be considered to be transacting business in

the State where such corporation is engaged in interstate commerce.

On these facts, the trial court found for the plaintiff and entered judgment in its favor for the full balance due on its judgment against Dakota Malting and Brewing Company, plus costs and plus ten per cent of such judgment as provided in Sec. 28–21–19, North Dakota Century Code, commonly referred to as the "Amercement Statute," as it existed at the time of the commencement of this action. The defendants thereupon appealed to this court, demanding a trial de novo on all of the issues.

Proceedings for the amercement of a sheriff for official defaults are clearly statutory, and the courts will hold persons who claim the benefit of such statutes to a strict observance of statutory requirements. 80 C.J.S. Sheriffs and Constables § 173, p. 401.

■ Such statutes are generally regarded as penal and are to be strictly construed.

■ Was the action brought by the plaintiff against the sheriff, and against the surety on his bond, an amercement action? Section 28–21–19, North Dakota Century Code, at the time of the commencement of this action, provided, among other things:

"If any sheriff * * * shall refuse or neglect to execute any writ of execution directed to him which has come to his hands, * * * or to return any writ of execution to the proper court, on or before the return day, * * * such sheriff * * * on motion in court and two days' notice thereof in writing, shall be amerced in the amount of said debt, damages, and costs with ten per cent thereon to and for the use of said judgment creditor * * *."

Our amercement statute provides that, in the event the sheriff fails to return a writ of execution to the proper court, on or before the return day, as is charged in this action, the sheriff shall be amerced "on motion in court and two days' notice thereof in writing".

In the proceeding before us, the plaintiff did not proceed against the sheriff by motion to amerce such sheriff in the case in which it had recovered judgment. Instead of making a motion to amerce the sheriff for failure to return the writ of execution on or before the return day, it brought an action against the sheriff and the surety on his bond. This no doubt was an attempt to amerce the sheriff, for at the trial the plaintiff did not attempt to prove that it had been damaged, relying on the penalties provided for in the amercement statute.

■ Plaintiff's attempt to amerce the sheriff by bringing an action against him and his surety must fail. The plaintiff did not proceed by motion to amerce the sheriff in the proceeding in which the judgment was entered and on which the execution had been issued. That is the only method provided by our law for the amercement of a sheriff.

■ We hold that proceedings for the amercement of a sheriff are purely statutory, and that a plaintiff who claims the benefit of such proceedings will be held to a strict observance of statutory requirements.

Because we hold that the plaintiff has failed to comply with statutory requirements for amercement of the sheriff, and that the action must be dismissed for that reason, it will not be necessary to consider other defenses urged by the defendants.

For reasons set forth in this opinion, the judgment of the district court must be reversed.

TEIGEN, ERICKSTAD, KNUDSON and PAULSON, JJ., concur.