Byron DORGAN, Tax Commissioner,
State of North Dakota, Petitioner
and Appellee,

v.

Eldor MILLER, Respondent
and Appellant.

Civ. No. 9443–A.

Supreme Court of North Dakota.

Oct. 6, 1980.

Robert W. Wirtz, Sp. Asst. Atty. Gen., State Tax Dept., Bismarck, for petitioner and appellee.

Eldor Miller, Hazen, pro se.

1. Section 57–38–47, NDCC, in part provides:
"If any taxpayer fails to file a return within sixty days after the time prescribed in this chapter, and refuses to file such return within thirty days after he has been notified by

SAND, Justice.

The Tax Commissioner, after an investigation, petitioned the district court pursuant to § 57-38-47,[1] North Dakota Century Code, for a writ of mandamus compelling Eldor Miller, the appellant herein, to file North Dakota income tax returns for the years 1976 and 1977. After a hearing in which evidence was introduced, the district court granted the requested writ of mandamus and Miller appealed. A somewhat related matter was previously considered by this Court in *State By and Through Dorgan v. Union State Bank*, 267 N.W.2d 777 (N.D. 1978), in which this Court concluded that the Tax Commissioner had the authority to subpoena the bank records relating to its financial dealings with Miller for the specified years.

Miller contended that the district court erred in denying him a trial by jury in the mandamus proceedings and in issuing the writ of mandamus on the grounds that the Tax Commissioner failed to prove that Miller had sufficient "gross income" to require him to file a North Dakota tax return.

The record reflects that Miller demanded a trial by jury. We will first consider if Miller, in the mandamus proceedings was improperly denied a trial by jury.

Section 32-34-02, NDCC, as relating to mandamus provides as follows:
"The writ must be issued in all cases when there is not a plain, speedy, and adequate remedy in the ordinary course of law. It must be issued upon *affidavit* upon the application of the party beneficially interested except those writs issued sua sponte by the supreme court." [Emphasis supplied.]

The matter of using juries in a mandamus proceeding is covered in § 32-34-06, NDCC:
"*Jury may assess damages.*-If an answer is made which raises a question as to a matter of fact essential to the determi-

the tax commissioner to do so, any judge of the district court, upon petition of the tax commissioner, shall issue a writ of mandamus requiring such person to file a return."

nation of the motion and affecting the substantial rights of the parties and upon the supposed truth of which allegation the application for the writ is based, the court *in its discretion* may order the question to be tried before a jury, and may postpone the argument until such trial can be had and the verdict certified to the court. The question to be tried must be stated distinctly in the order for trial, and the county must be designated in which the same shall be had. The order also may direct the jury to assess any damages which the applicant may have sustained in case they find for him." [Emphasis supplied.]

Section 7 of the North Dakota Constitution provides as follows:

"The right of trial by jury shall be secured to all, and remain inviolate. A person accused of a crime for which he may be confined for a period of more than one year has the right of trial by a jury of twelve. The Legislative Assembly may determine that size of the jury for all other cases, provided that the jury consists of at least six members. All verdicts must be unanimous."

We note that under § 32–34–06, NDCC, the court in its discretion may order the question of fact to be tried before a jury. This implies that Miller would first have to establish that there was a genuine issue of fact involved before he would be entitled to a jury trial. Then he would have to establish that the trial court abused its discretion in not giving him a jury trial. This he has failed to do. This Court, in *Dorgan v. Kouba*, 274 N.W.2d 167 (N.D.1979), also involving a mandamus proceeding, said:

"A jury trial is not mandatory under our constitution in an action to compel the filing of a tax return. Section 7, North Dakota Constitution. Our constitution preserves a trial by jury in 'all cases in which it could have been de-

manded as a matter of right at common law.' *In re R. Y.*, 189 N.W.2d 644, 651 (N.D.1971). An action for the collection of revenue was not recognized as a form of action at common law. *Wickwire v. Reinecke*, 274 U.S. 101, 105, 48 S.Ct. 43, 44, 72 L.Ed. 184 (1927); *Olshausen v. C. I. R.*, 273 F.2d 23, 27 (9th Cir. 1960)." [2]

See also, *Power v. Williams*, 53 N.D. 54, 205 N.W. 9 (1925), recognizing common law concept even though not specifically so stated in the North Dakota Constitution.

Eldor Miller filed Form 37, entitled "North Dakota Individual Income Tax Return for 1976," in which he entered his name, address, filing status and filing category. He also entered a single or double asterisk in most columns. The double asterisk explained:

"This means that specific objection is taken to the specific question, on grounds of the 1st, 4th, 5th, 5th,* 7th, 8th, 9th, 10th, 13th, 14th, 16th Amendments, as to Federal Reserve Notes."

A single asterisk contained a further explanation:

"This figure is express in Constitutional Dollars of silver and or gold. Page 1 of Page 44. I offer to amend or re–file this return and all returns heretofore submitted, to exactly as you wish them, if you can show me how to do so without waiving my Constitutional rights."

He also typed on the form:

"Filed under protest return receipt requested, for redress of grievances—All attachments are integral part of this return—other material included by reference."

It was signed "Eldor Miller 2–15–77."

Miller also filed Form 37 for 1977, but instead of using asterisks with an explanation, he typed in the word "Object" in place of figures or other required information in

---

**2.** However, it should be noted that in *In re R. Y.*, three members of the five–member court agreed in a special concurring opinion that the legislature could provide for a jury trial involving juveniles if it deemed it appropriate, and if it did it would be in harmony with the North Dakota Constitution. The Legislature, in § 32–34–06, NDCC, apparently provided for the limited use of the jury but has not made it mandatory.

\* This is as it appeared on the tax form.

most columns. The form, except for the name and address, was almost a replica of the *Kouba* situation.

In *Kouba*, we said that a filing of a tax form is not synonymous with filing a tax return. A tax return is a tax form containing sufficient information from which the commissioner can determine tax liability. As a matter of law, Miller only filed a tax form for the year 1976, but did not file a tax return as required by statute. In filing the tax form, Miller, in a limited manner, admitted he was required to file tax returns and consequently an issue of fact in this respect is not involved for the years 1976 and 1977.

Nevertheless, Miller contended no showing was made by the Tax Department that he had sufficient gross income requiring him to file a return, and relied upon *United States v. Anderson*, 584 F.2d 369 (10th Cir. 1978), for the proposition that he is entitled to a jury trial on this issue. The *Anderson* case can be readily distinguished from the instant case. In *Anderson*, an action was brought to collect the balance of income taxes due; whereas in the instant case it is an action requiring Miller to file an income tax return as required by law.

.The record as submitted for our review does not indicate that Miller formally responded to the Tax Commissioner's petition[3] for the writ of mandamus alleging that Miller had gross income in excess of $69,000 for 1976, and in excess of $21,000 for the year 1977. Nor does the record reflect that Miller responded to the certificate[4] of the Tax Commissioner.

Under these situations there was no genuine issue of fact involved and consequently there was no need for a jury. In *Kouba* we concluded that "the mandamus proceedings did not contain an issue of fact to be tried [to the] jury." Even if a question of fact were involved, the use of a jury would still be discretionary with the judge pursuant to § 32–34·06, NDCC.

Miller also contended he did not have adequate time to prepare a response to the application for the writ of mandamus. The time allowed for his response, according to his statement, was 12 days, which was within the statutory period provided for in § 57 38 47, NDCC, which, in part pertinent to this question, provides:

"The order or notice upon the petition shall be returnable not more than ten days after the filing of the petition. The petition shall be heard and determined on the return day, or on such day thereafter as the court shall fix, having [due] regard to the speediest possible determination of the case consistent with the rights of the parties."

Miller asked for a 90·day extension to prepare for the proceedings. The court denied this request as being excessive and not within the time frame contemplated by statute. Miller, in response to questions, did not indicate what additional defense he would have or could have made.

The attachments to Form 37 submitted by Miller advance the theory that each individual, including Miller, has the right to determine how the tax dollar is spent or

---

**3.** Section 57–38–47, NDCC, does not appear to be complete in itself but relies upon Chapter 32–34, NDCC, for procedure, use of jury, and other matters. Section 32- 34 -02, NDCC, contemplates the use of affidavits. Failure to proceed as provided for by statute may be vulnerable. *Crown Cork & Seal Co. v. Barnes*, 153 N.W.2d 89 (N.D.1967).

**4.** The certificate tracks language of § 57–38–46, NDCC, and states that no return has been filed for the years 1976 and 1977. It contains no statement that Miller had sufficient gross income requiring him to file the returns, unless we are to infer such from the language "pursuant to Ch. 57–38, NDCC". In the absence of anything more specific, the tax commissioner's certificate can be construed to mean merely that no return has been filed. It does not contain any fact showing that the taxpayer did or did not have sufficient gross income requiring him to file a return. Section 57–38–46, NDCC, contemplates precise and detailed statements of fact rather than mere conclusions phrased in the language of the statute. However, in this instance the petition for the writ of mandamus, even though it was not in affidavit form, as contemplated by statute, supplied this necessary information, which was not contradicted by a formal answer so as to put into operation § 32 34 06, NDCC.

used, or in the alternative, if the tax dollar has been spent contrary to the individual's wishes, he need not pay any more taxes. This theory and concept runs contra to and would negate the provisions of Section 4, Article IV, of the United States Constitution, which provides:

"The United States shall guarantee to every State in this Union a Republican form of Government, and shall protect each of them against Invasion; and on Application of the Legislatures, or of the Executive (when Legislature cannot be convened) against domestic Violence."

If the contentions of Miller were accepted and put into practice, any taxpayer, person, or corporation could find some reason, real or imaginary, for not paying taxes.

In summary, the facts involved in this case, as well as the principles of law, are so similar in all material respects to *Kouba* so that the decision in *Kouba* is dispositive of the issues in the instant case.

We affirm the issuance of the writ of mandamus.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.