Lawrence and Jacqueline MEES,
Plaintiffs and Appellees,

v.

Eleanor and Kenneth ERETH,
Defendants and Appellants.

Civ. No. 900141.

Supreme Court of North Dakota.

Feb. 21, 1991.

Zuger Law offices, Bismarck, for plaintiffs and appellees; William P. Zuger (argued).

Wheeler Wolf, Bismarck, for defendants and appellants; Jack McDonald, Jr. (argued).

Bruce B. Haskell, Asst. State's Atty., Bismarck, for Burleigh County Sheriff's Dept.; submitted on brief.

MESCHKE, Justice.

Eleanor and Kenneth Ereth appealed from a post judgment order by the district court denying their motion to direct the Burleigh County sheriff to return, as exempt, their Norwest Bank funds that he had seized by an execution levy. We reverse and remand.

Lawrence and Jacqueline Mees obtained a money judgment for $35,609.50 against the Ereths. After the clerk of the district court issued an execution on the judgment, the Meeses' attorney requested the sheriff to levy upon the Ereths' funds at Norwest Bank. A deputy sheriff served notice of the execution levy on Norwest Bank on October 4, 1989. The next day the Bank surrendered to the deputy sheriff a total of $36,253.32, including $226.97 from the Ereths' savings account, $228.09 from their checking account, $2,169.11 from their business account, and $33,629.15 from Kenneth Ereth's individual retirement account.

The deputy sheriff disbursed the seized funds to the Meeses' attorney on October

6, 1989. Later that day the deputy sheriff served notice of the levy and execution on the Ereths.

The Ereths filed a timely claim of exemptions, dated October 10, 1989, claiming that the entire amount was exempt from process. *See* NDCC 28–21–12, 28–22–03, and 28–22–03.1(3). The sheriff received the claim of exemptions on October 12, 1989 and informed the Ereths' attorney that the funds had been disbursed. The Ereths then moved the district court to set aside the levy and to direct the sheriff to return the funds to the Bank. The sheriff was served with this motion and the notice of a hearing on it. Following the hearing, the district court denied the motion. The Ereths appealed.

Because the sheriff was not served with a notice of the appeal, we remanded to the clerk of the district court with directions to notify the Burleigh County sheriff of the appeal, while we retained jurisdiction. *Mees v. Ereth*, 462 N.W.2d 161 (N.D.1990). Proof of service of the notice of appeal on the sheriff has been filed. The sheriff has filed an appellate brief. The Ereths and the Meeses have filed responsive briefs. We now decide the merits, reverse, and remand for further proceedings.

In denying the Ereths' motion to direct the sheriff to return their exempt funds to the Bank, the district court ruled:

It would appear to me that you have on behalf of your client an excellent lawsuit with about four causes of action.... But that's only an opinion that is not necessary for this court's decision on this motion.

The motion therefore is ordered denied as being outside the authority of this court to make such an order.

Thus, the district court decided that it did not have authority to consider the Ereths' motion to direct the sheriff's handling of the execution levy.

The Ereths argue that a sheriff must retain custody of property seized by him on an execution levy so that he can return the property if it is timely claimed as exempt. The Ereths also argue that their exemption

rights can be enforced by the trial court that issued the execution. We agree.

■ In levying an execution upon personal property, the sheriff must notify the debtor that any claim of exemptions is to be made within ten days after service of the notice. NDCC 28–21–12. The debtor has ten days after service of the notice to claim exemptions. NDCC 28–22–06; *Bank of Steele v. Lang*, 441 N.W.2d 648 (N.D. 1989). All property of the judgment debtor "not exempt by law" is subject to execution, but the sheriff may elect not to seize property during the time that the debtor may claim exemptions. NDCC 28–21–08. When a debtor claims exempt property, the sheriff is empowered to retain the property in his possession pending a determination of whether it qualifies for the exemption. *Dakota National Bank of Fargo v. Salzwedel*, 71 N.D. 643, 3 N.W.2d 468 (1942). For exemptions to be effective, the sheriff must hold the seized property until the exemptions are properly determined.

■ It is generally recognized that "[a] debtor's rights to exemptions are carefully guarded under the law, and those who participate in the wrongful seizure of exempt property are responsible therefor." 70 Am.Jur.2d *Sheriffs, Police, and Constables* § 107 (1987). A sheriff who disposes of a judgment debtor's exempt property does so at his own peril and is liable to the debtor for property wrongfully seized and withheld. 70 Am.Jur.2d *Sheriffs, Police, and Constables* § 96; 80 C.J.S. *Sheriffs and Constables* § 66 (1953). The Meeses, as debtors claiming exemptions, are entitled to have the district court—the one that issued the execution—direct the sheriff to preserve their lawful exemptions.

■ Construing our statutes in light of the debtor's important right to exempt property, we conclude that, when a sheriff chooses to seize property levied upon, the sheriff must hold it subject to the debtor's right to claim it as exempt during the ten-day period allowed by law. If the sheriff disposes of the property during that ten-day period, he does so at his own peril if the debtor is entitled to exempt that property. To construe our statutes otherwise would defeat their purpose to protect a

debtor's right to exempt certain property from execution and levy. If the sheriff could defeat a timely claim of exemptions by delivering the property to the judgment creditor, the judgment debtor's rights to exempt the property from process would be effectively nullified.

The trial court mistakenly believed that the Ereths must bring a separate lawsuit to litigate the sheriff's failure to recognize their exemption rights. The power of a court to grant relief from a levy and execution is inherent and arises from its complete control of its own process. 30 Am.Jur.2d *Executions* § 711 (1967). *See,* for examples, *Holmes v. Marshall,* 145 Cal. 777, 79 P. 534, 537 (1905); *Fox v. Swartz,* 235 Minn. 337, 51 N.W.2d 80 (1952). An execution is a writ of the court that entered the judgment. NDCC 28–21–06. It is returnable by the sheriff to that court. NDCC 28–21–07. A debtor can challenge the validity of a levy by filing an appropriate motion in the original lawsuit. 31 Am. Jur.2d *Exemptions* § 348 (1989). For example, the amercement of a sheriff who has mishandled an execution must be done by motion in the court where the judgment and the execution were issued. *Crown Cork & Seal Company v. Barnes,* 153 N.W.2d 89 (N.D.1967). The trial court can exercise control over its own process and enforce exemptions from execution without delay.

We conclude that the district court erred in dismissing the Ereths' motion. The district court has authority to consider and decide the Ereths' motion for return of their funds claimed to be exempt after giving all interested parties an opportunity to be heard. In doing so, the trial court, of course, has the power to determine the timeliness and validity of the Ereths' claim of exemptions. We reverse and remand to the district court to determine the Ereths' motion on its merits.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.