**In re Reginald THIBODEAU Bonnie L. Thibodeau, Debtors.**

**Bankruptcy No. 180–00247.**

United States Bankruptcy Court, D. Maine.

May 12, 1982.

J. William Batten, Waterville, Maine, for debtors.

Harvey J. Putterbaugh, Portland, Maine, for trustee and trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On September 17, 1981, this Court authorized the Trustee to employ himself to act as attorney for the trustee. The trustee now has applied for allowance of attorney's fees for services rendered between October 10, 1980 and August 5, 1981.

Title 11 U.S.C. § 327(a) authorizes the trustee, *with the court's approval*, to employ one or more attorneys. "[A] bankruptcy court may not award compensation to an attorney who has not met the § 327 requirements." *In re Byman Furniture & Interiors, Inc.*, 14 B.R. 230, 5 C.B.C.2d 376, 381 (Bkrtcy.S.D.Tex.1981).

> When there is no compliance with the Code or rules, there is no right to compensation. The services for which compensation is required must have been performed pursuant to appropriate authority under the Code and in accordance with an order of the court. Otherwise the person rendering services may be an officious intermeddler or a gratuitous volunteer. Thus an attorney who acts for a trustee or on behalf of a trustee without approval by the court will be denied any compensation even though valuable services were rendered in good faith.

2 *Collier on Bankruptcy* ¶ 327.02 (15th ed. 1981) (footnotes omitted). Here, at the time the trustee rendered the services for which he seeks compensation he was not in compliance with section 327(a). The court does not question that the trustee acted in good faith, but it finds neither legal nor

equitable grounds for awarding attorney's fees. The trustee has offered no excuse for his failure to procure timely court authorization other than his oversight. Thus, "the contest here essentially is between an inattentive attorney and creditors of the bankrupt. What he gets, they do not. I see little to choose between them on equitable grounds." *In re Laurent Watch Co., Inc.*, 539 F.2d 1231, 1233 (9th Cir. 1976) (Sneed, J., dissenting);[1] *cf. In re Progress Lektro Shave Corp.*, 117 F.2d 602, 604 (2d Cir. 1941); *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203, 205–06 (3d Cir. 1969); *In re National Tool & Mfg. Co.*, 209 F.2d 256, 257 (3d Cir. 1954); *Albers v. Dickinson*, 127 F.2d 957, 961 (8th Cir. 1942). The trustee's application for attorney's fees is denied.

Enter order.

1. The majority in *Laurent Watch Co.* held that a nunc pro tunc order of appointment was not forbidden because the record disclosed that the bankruptcy referee made the required determinations concerning appellant's appointment as attorney *before* appellant performed the services for which he sought compensation, even though no order appointing appellant had been entered. *Id.* at 1232. The record reveals no such findings in this case.