In re TINSLEY & GROOM, A Partnership, William Groom, Jr., Peggy T. Groom, William C. Tinsley, Hermer D. Tinsley, Debtors.

Bankruptcy Nos. 1–83–00015, 5–83–0079(B) and 5–83–00080(B).

United States Bankruptcy Court, W.D. Kentucky, Paducah Division.

April 4, 1985.

John W. Ames, Louisville, Ky., for debtors.

Stewart E. Bland, Louisville, Ky., for West Ky. Production Credit Ass'n.

## MEMORANDUM–ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on application by debtor's counsel for attorneys fees and expenses incurred from the filing of the petition through September 23, 1983, in the amount of $54,562.75 and $3,187.01 respectively. A retainer fee of $4,000.00 is acknowledged and proposed to be credited against any fee awarded.

By supplemental motion, debtor's counsel moves for a further award of attorney fees and expenses in the amount of $64,-881.00 and $5,418.77 respectively for the period September 24, 1983 through December 22, 1983.

Objection to the fees and expenses collectively applied for has been filed by Western Kentucky Production Credit Association and by Equitable Life Assurance Society of the United States, two of the debtors' largest creditors. In general, the basis for the objections are: (1) application to employ an attorney has never been made nor approved by this court; (2) no benefit has inured to the estate as a result of such services; (3) the fees and costs requested are excessive; (4) the estate is insolvent; (5) the debtor's attorney impeded rather than promoted the reorganization of this estate; (6) the description of services performed is inadequate and so vague as to compel clarification.

The history of adversarial proceedings affecting this case does not bear repeating

here. However, in summary, the filing of the initial petition evoked a dispute as to whether it was filed in the proper Division, and the entrenchment of the parties eroded from that point. The major issue presented was the validity of the "full proceeds" loan arrangement between the debtors and Western Kentucky Production Credit Association. This issue was exhaustively litigated and resulted in a decision adverse to the debtors. Other collateral issues received equally zealous attention by counsel for the parties. The record is replete with contested use of cash collateral, stay litigation, disputes relating to discovery, valuation disputes, contests over the right of creditors to file a proposed plan, and other matters.

There is no question but that debtors at every stage of these proceedings were well represented by counsel who diligently and effectively presented their cause. The court now addresses who bears the onus of payment for the attorney fees and costs incurred on debtors' behalf, taking into consideration the objections of creditors timely filed.

■ It is the general rule that an attorney may not be compensated for services performed prior to court authorization of his employment. Since debtors' counsel has never requested such authority, the threshold consideration is whether any award is proper for the application here presented.

■ This Court recognizes a number of courts have adopted an inflexible rule that denies compensation to a professional who has performed services for the estate but failed to obtain prior approval of the Court. *Matter of Futuronics Corp.*, 5 B.R. 489 (S.D.N.Y.1980); *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir.1969); *In re Paine*, 14 B.R. 272 (W.D.Mich., 1981); *In re Thibodeau*, 20 B.R. 107 (Bkrtcy.Me.1982). More persuasive, however, is the line of cases which have found that under the proper circumstances, and upon proper showing, a *nunc pro tunc* Order may be used, "where the sole ground urged for denial of compensation to an attorney who actually performed servic-

es of value to the debtor's estate is that the trustee or debtor-in-possession neglected to secure prior court approval of the employment of such attorney." *Matter of Triangle Chemicals*, 697 F.2d 1280 (5th Cir. 1983); *Matter of Laurent Watch Company*, 539 F.2d 1231 (9th Cir.1976); *In re King Electric Co.*, 19 B.R. 660 (N.D. Va.1982). The Court as well as the interested parties, in these cases, were aware of the role being served by the attorney. The attorney had performed valuable services for the estate and had not engaged in any misconduct, but had failed to obtain a court order prior to performance of the services in question. In view of the equitable nature of the bankruptcy proceeding, this Court adopts the more flexible rule that under proper circumstances and with a proper showing, professional services rendered prior to court approval thereof may justify the entry of a *nunc pro tunc* Order to retroactively approve a professional appointment.

■ In the instant case, the Court as well as the interested parties, were at all times aware of the role being served by the attorney now petitioning for fees and expenses incurred in the representation of the debtors. In addition, the plan of confirmation which was tendered by the main secured creditor and ultimately confirmed by the Court specifically recognized that cost of administration, including appropriate attorneys fees on behalf of the debtors, were required to be provided for pursuant to 11 U.S.C. 1129(a)(4). This liquidation plan, as confirmed, specifically provided that such award as ultimately made by this Court was a proper administrative expense, subject only to proper objections as to the time, amount, and nature of the services rendered in proportion to the benefit derived by the estate in the performance of the services. Accordingly, it is the opinion of the Court that in view of the particular circumstances present in this case, the failure of debtors' attorney to apply and receive prior approval of the Court before performance of services and incurring of the expenses now petitioned for does not preclude a consideration of the application on its merits. *Hunter Saving Assoc. vs.*

*Baggott Law Offices Co. L.P.A.* 34 B.R. 368 (S.D.Ohio, 1983).

 The Court now considers the allowability of the attorneys fees and expenses included in debtors' counsel's application. While objection to this application has been filed by two substantial secured creditors, this Court notes that the lack of an objection to a fee request does not affect the Court's duty to fix reasonable compensation, and the burden is on petitioning counsel to establish reasonableness. *In re Hamilton Hardware Co.*, 11 B.R. 326 (E.D.Mich., 1981). As noted in *In re Sapolin Paints, Inc.*, 38 B.R. 807 (E.D., N.Y., 1984), the factors relied upon by the Court in exercising its discretion relative to such application includes without limitation, (1) Nature of services rendered; (2) difficulties and complexities encountered; (3) time necessarily expended; (4) results achieved; (5) burden the estate can safely bear; (6) size of the estate; (7) duplicity of services; (8) professional standing, ability, and experience of applicant; and (9) fairness to each applicant.

While recognizing that the above criteria are not all inclusive, the Court will now contrast the petitions for services and expenses here pending against the standards enumerated. There is no serious question that the hours encompassed within the application by debtors' counsel were, in fact, performed, that the billing rate reflects the skill of the practitioners, and is reasonable, that the experience, reputation and ability of debtors' counsel has been thoroughly demonstrated, and that issues of novelty and difficulty were presented which, in large measure, necessitated the large number of professional hours reflected in the application. Further, it is the requested reimbursement for the services devoted to the debtors' unsuccessful adversary proceeding against Western Kentucky PCA which focuses on the main objections raised to the application.

 Throughout these proceedings the reorganizational efforts of the debtors were totally dependent upon the success or failure of the adversary proceeding testing the validity of the "full proceeds" loan arrangement between the debtors and Western Kentucky PCA. The debtors, at all times, maintained an inability to formulate and present a plan of reorganization until such time as the issues were resolved in this adversary proceeding. Following a lengthy and exhaustive trial on the issues, the adversary proceeding was resolved unfavorably to the debtors. Thus, the estate of the debtors was not enhanced, notwithstanding the sincere and best efforts of debtors' counsel. Accepting and paraphrasing the rationale denoted in *In re J.V. Knitting Service, Inc.*, 22 B.R. 543 (S.D. Fla., 1982), the Court is convinced that the debtors' counsel was, at all times, capable experienced, and acted in complete good faith. Further, that the positions asserted in this case were neither sinister nor unethical. However, the services were provided with full knowledge of the complex issues presented and the uncharted course. Based on the anticipated services to be performed, a minimal advance retainer was paid, and authorization for the anticipated services to be performed was not sought from the Court prior to their performance. Counsel, at all times, was aware that the success of this reorganizational effort of necessity depended upon a successful result in this litigation. Had he been successful, his efforts would have substantially benefited the debtor and the creditors. His compensation would have been substantial and justified. However, since these efforts proved completely unsuccessful and, in fact, did not further enhance the administration of this estate, entitlement to administrative compensation from the estate for these services is not appropriate and will be accordingly denied.

Addressing the specific applications for fees and expenses, together with the specific objections of the creditors, the following summary is in order: Expenses in the amount of $3,187.01 for the period through September 23, 1983 and $5,418.77 for the period September 23, 1983 through December 22, 1983, totalling $8,605.78 have been made. No objection has been raised by the creditors or any party to the awarding of the total expenses requested. Accordingly, said fees in the amount of $8,605.78 be, and

they are, hereby awarded, less $4,000.00 retainer received by the petitioning counsel, leaving a balance of $4,605.78 as the net approved expenses incurred by debtors' counsel and which are hereby declared to be an administrative expense of this estate.

A total of $119,443.75 has been requested, covering Debtors' counsel fees for services performed through December 22, 1983. Of this sum $26,795.10 and $55,257.80 represents the monetary calculation of attorneys' services attributable solely to the unsuccessful adversary proceeding, and reimbursement therefore in the collective amount of $82,150.12 be, and it is hereby, denied. Additionally, the sum of $97.22 representing clerical duties and conferences with newspaper reporters be, and it is hereby, denied. Other objections based upon the vagueness of the itemization in support of the application, or alleging that the time or services could have been performed by a less qualified professional or clerk are without merit and said objections be, and they are hereby, overruled. It being the opinion of the Court that the supporting documentation is sufficient in form and clarity for the purpose and need intended and, in general, comports to the descriptive phrases utilized by the objecting creditors' counsel in similar fee requests submitted to this Court. After disallowance of the specific sums set forth above,

IT IS HEREBY ORDERED that the petitioning debtors' counsel be, and is hereby, awarded the sum of $37,293.63 for professional services rendered to the debtors for the period through December 22, 1983.

It is unfortunate that debtors' counsel cannot be fully compensated for the services rendered on their clients' behalf. However, this Court, in the exercise of its discretion, must of necessity apply the well-established criteria in the exercise thereof. In balancing the equities here presented, all parties concede that the reorganizational ability of the debtors was totally dependent upon successful resolution of the litigation over the "full proceeds" loan issue. While this litigation was necessary to achieve reorganizational potential, it's unsuccessful conclusion did not enhance the estate and, in fact, obstructed and impeded the administration of an otherwise hopeless case.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052.

The creditor, Western Kentucky PCA is directed to pay the foregoing sums as approved by this Order and to proceed with distribution and closing of this estate.

This is a final Order and there is no just cause for delay.