### In re AMERICAN 3001 TELECOMMUNICATIONS, INC., Debtor.

### Bankruptcy No. 386–33886–HCA–11.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Nov. 3, 1987.

Russell L. Munsch, Joseph J. Wielebinski, Decker, Hardt, Kopf, Harr, Munsch & Dinan, Dallas, Tex., for movant, North American Paging Corp.

Michael P. Massad, Jr., Taylor & Mizell, Dallas, Tex., for debtor, American 3001 Telecommunications, Inc.

## MEMORANDUM OPINION AND ORDER

HAROLD C. ABRAMSON,
Bankruptcy Judge.

The matter before this Court is a Motion for Administrative Expense filed by North American Paging Corporation ("American") seeking compensation under § 503 for the legal fees and expenses it incurred in unsuccessfully proposing a Plan of Reorganization in the Chapter 11 case of American 3001 Telecommunications, Inc. ("Debtor"). American was an unsecured creditor in the case. The Debtor has vigorously objected to the allowance of the claim. Hearing was had on October 6, 1987. This is a core proceeding, 28 U.S.C. § 157(b)(2)(O).

### Facts of the Case

This case was commenced by the filing of a petition under Chapter 11 of Title 11 of the United States Code on October 8, 1986. As allowed by the Code, Debtor continued to operate its business as a Debtor-in-Possession. 11 U.S.C. § 1107.

At the time of filing, Debtor was engaged in the telecommunications business in the Dallas/Ft. Worth Metroplex area. Debtor's business included both a telephone answering service as well as a paging service. At the time of filing, the Debtor had approximately 1,240 answering service customers and about 800 paging customers.

American became a party-in-interest in this case in about April 1987, when an unsecured claim in the amount of $33.60 was transferred from a creditor of the estate to American. By this transfer, American became a party-in-interest entitled to file a Plan under 11 U.S.C. § 1121. American lost no time in doing so. As amended, the American Plan provided for American to acquire the assets of the Debtor through, among other things, a payment to the creditors of approximately $400,000. In effect, American, a competing telecommunications company, would acquire the Debtor through a Plan of Reorganization.

The Debtor and other parties-in-interest vigorously objected to American's Plan. Among other things, it was claimed that a significantly higher dividend could be achieved by sale of the corporation to a higher bidding entity. Eventually another entity was found, and American's Plan was not confirmed.

The Plan which was eventually confirmed in this case was also proposed by a competing telecommunications corporation. It contained similar terms as to the Plan filed by American. However, the con-

firmed Plan provided for, among other things, payment of $1.5 million to purchase the Debtor, more than $1 million more than American offered.

### American's Claim for Administrative Expense

American suggests that it is entitled to recovery of attorney's fees and expenses incurred as a result of the filing and prosecution of their unsuccessful plan of reorganization. The controlling Code section on compensation is § 503. In relevant portion, that section reads:

(b) After notice and a hearing there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this title, including—

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection incurred by—

... (D) a creditor, ... in making a substantial contribution in a case under chapters 9 or 11 of this title.

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

This section defines the issue in this case. Section 503 dictates that in order to recover its costs and attorney's fees, American must demonstrate that its activities in this case were of benefit to the bankruptcy estate.

Counsel for the Debtor has opposed American's fee application, arguing that the activities undertaken by American were of no benefit to the estate. Instead, Debtor argues, American intended only to benefit itself. Debtor suggests that American is the equivalent of an unsuccessful corporate raider. Failed raiders do not merit compensation from their intended target.

### Conclusions of Law

Section 503 allows payment of an administrative expense to parties who perform services which substantially contribute to the case. *In re White Motor Credit Corp.*, 50 B.R. 885, 892 (Bankr.N.D.Ohio 1985). The policy behind this section is to encourage meaningful creditor participation in the reorganization process. *See e.g., In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir.1986). However, in general, "a creditor's attorney must ordinarily look to its own client for payment, unless the creditor's attorney rendered services on behalf of the reorganization, not merely on behalf of his client's interest, and conferred a significant and demonstrable benefit to the debtor's estate and to the creditors." *Id., quoting, In re General Oil Distributors*, 51 B.R. 794, 806 (Bankr.E.D.N.Y.1985). The burden of proof of substantial benefit to the estate is squarely on the party claiming the expense. *In re 1 Potato 2, Inc.*, 71 B.R. 615, 618 (Bankr.D.Minn.1987).

To apply these broad statements of law to the case at hand, we must examine the activities undertaken by American, and determine whether they benefitted the estate and if so to what extent.

The activities of American in this case demonstrate no benefit to the estate. The actions of American demonstrate that a business judgment was made by American to acquire a distressed company in bankruptcy, if possible, at a bargain basement price. When American discovered that their Plan was not confirmable, and that other entities were ready and willing to pay a significantly higher dividend, they abandoned their efforts. In short, if American had been successful, the benefit would have accrued only to American, not to the creditors of the estate. Legal services provided solely for the benefit of a creditor or client are not compensable from the bankruptcy estate. *In re Richton International Corp.*, 15 B.R. 854, 856 (Bankr.S.D.N.Y. 1981). Accordingly,

IT IS HEREBY ORDERED that North American Paging Corporations' Motion for Administrative Expenses Pursuant to 11

U.S.C. § 503(b)(3)(B) and (b)(4) in the Case of American 3001 Telecommunications, Inc. is DENIED.