**In re PARKER STEEL COMPANY, Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

v.

**SOCIETY BANK & TRUST, Defendant.**

Bankruptcy No. 1–90–02878.
Adv. No. 90–0283.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 23, 1992.

Russell R. Miller, Marvin Robon, Toledo, OH, for defendant.

## ORDER DENYING MOTION TO CONTINUE TRIAL DATE, DENYING MOTION IN LIMINE AND DENYING MOTION TO DEEM PARTICULAR FACTS ADMITTED

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

These matters are before the court upon plaintiff/trustee's motion in limine to which defendant Society Bank & Trust responded by filing the instant motion to continue trial date to a date certain, to which plaintiff orally objected, and the trustee's motion to deem particular facts admitted or to preclude the independent introduction of evidence in opposition to which defendant has responded. Upon consideration of the oral arguments of the parties and the record herein, the court finds that said motions should be denied and that the trial scheduled for Wednesday, September 30, 1992, be held as scheduled.

### FACTS

The facts of this case will not be reiterated. *See* Opinion and Order Denying Defendant's Motion to Strike, etc. (April 28, 1992). Oral argument of the instant motions was heard on September 23, 1992, as a result of this court's order directing parties to meet to resolve discovery disputes and to exchange witness lists and scheduling pretrial conference, entered on September 10, 1992. That order was entered as a result of the trustee's motion to deem particular facts admitted or to preclude the independent introduction of evidence in opposition. That motion, filed on September 3, 1992, requested that as a result of defendant's inadequate responses to plaintiff's requests for admission, same should constitute admissions. The September 10, 1992 order directing parties to meet, scheduled a pretrial conference on September 23, 1992. The following parties were present at that conference, held this date: Marvin Robon/Russell Miller, attorneys for defendant

John M. Carey, Myrna Shuster, Toledo, OH, for plaintiff.

and John Carey/Myrna Shuster, attorneys for plaintiff.

Prior to the scheduled September 23, 1992 pretrial conference, plaintiff, on September 18, 1992, filed a motion in limine requesting this court to preclude defendant "from introducing evidence regarding the identification and tracing of proceeds into the Debtor's commingled depository account or the lowest interim balance of that account at any time during the one year pre-petition period." On September 22, 1992, defendant filed the instant motion to continue trial date to a date certain in order to provide its accounting expert an opportunity to review the evidence.

Defendant's counsel argued, orally at the September 23, 1992 pretrial conference, that denial of the requested continuance would be prejudicial to defendant. Additional time is needed in order to afford defendant the opportunity to depose the trustee's expert. A deposition of that expert had not been previously requested as defendant's expert had not yet reviewed the documents in order to apprise counsel of those areas to explore, through questioning at a deposition. Additionally, defendant's counsel opined that retaining an expert accountant involved an arduous process; because defendant selected a big six firm, it was necessary for the firm to review its records in order to avoid any conflicts of interest. The accounting firm was retained earlier this month.

Plaintiff orally requested denial of defendant's motion to continue. Plaintiff argued that the complaint, filed some two years ago, set forth the accounting issues to be tried. The June 16, 1992 pretrial order, to which the parties agreed, provided for a trial date of September 30, 1992, reserving three days for trial. To request a continuance, one week prior to trial, plaintiff asserted, is prejudicial to plaintiff and costly to Debtor's estate. The court denied, from the bench, each motion. This written order provides support for that decision.

## DISCUSSION

■ Initially, the court notes that counsel for plaintiff and defendant stipulated, at the June 4, 1992 pretrial conference, that trial should be set for September 30, 1992. A pretrial order, confirming this stipulation, and others agreed to at that pretrial conference, was entered by the court on June 16, 1992. Thus, the court is reluctant to permit a continuance of a date to which defendant previously agreed. Furthermore, this case involves numerous witness who, presumably, have calendared this date. *See* Plaintiff's Trial Brief at 27–29. Additionally, although the bankruptcy court is not required to follow the differentiated case management system, adopted by the district court, it is compelled to consult those provisions and implement same as appropriate. *See* Local Rule 8:1.1, *et seq.* This case, as discussed *infra,* has been pending for some two years; continuance of the trial date, to which the parties agreed, one week prior thereto, is inappropriate. *See* Local Rule 8:5.1.

Second, the court concurs with plaintiff's counsel that defendant has been aware of the need for an accountant for two years. An involuntary petition under chapter 7 of title 11 was filed against Debtor, on August 20, 1990. On August 24, 1990, a complaint for avoidance of preferential and fraudulent transfers was filed against defendant. A first amended complaint for avoidance of preferential and fraudulent transfers and equitable subordination was filed on September 6, 1990. A second amended complaint was filed on September 14, 1990. Although the original complaint has been amended, the relief requested has remained the same as have the allegations supporting the requested relief. Defendant's request that denial of a continuance would be prejudicial to it is not persuasive. Because plaintiff has requested avoidance of transfers, which request was originally made over two years ago, defendant's statement that an accountant is now necessary, is without merit.

■ Further considering the substance of defendant's motion, the court notes that the grant of a continuance is within the court's discretion. *Saavedra v. Murphy Oil U.S.A., Inc.,* 930 F.2d 1104, 1107 (5th Cir.1991) (citation omitted). *See also*

Moore's Manual § 20.02 at 20–18 n. 5 (the federal rules do not regulate the matters of continuances but leave their regulation to each of the district courts (citing *Pingatore v. Montgomery Ward & Co.,* 419 F.2d 1138 (6th Cir.1969), *cert. denied* 398 U.S. 928, 90 S.Ct. 1818, 26 L.Ed.2d 90 (1970)). In *Saavedra,* plaintiff argued that the district court had erred in not granting a continuance of a hearing on motion for summary judgment in order to afford the party an opportunity "to secure evidence to oppose the motion for summary judgment." *Id.* The court finds the facts of *Saavedra* analogous, and dispositive of defendant's request. Defendant seeks additional time in order to secure testimony to oppose plaintiff's allegations. Defendant is not entitled to additional time. *See also Colby v. J.C. Penney Co., Inc.,* 926 F.2d 645 (7th Cir. 1991) (a party who has been dilatory in discovery may not use Rule 56(f) to gain a continuance where he has only made vague assertions that further discovery would develop genuine issues of material fact; plaintiff failed to make reasonable efforts to complete her discovery so that she was not entitled to a continuance under Rule 56(f); she had already been given sufficient latitude to attack the defenses (citations omitted).

Finally, if granted, the court's docket would not permit the the trial to be rescheduled until after the new year. That is, this court has set aside four days for trial, including Saturday if necessary. Four consecutive days, permitting the conclusion of testimony, is not available on the court's calendar, until 1993. This, too, must result in the denial of defendant's request. If the parties could have amicably agreed to an interruption in the introduction of evidence, the court may have been in a position to accommodate a request. This does not represent the parties' positions.

In essence, defendant seeks an extension of time in which to prepare for trial, that is, an extension of the discovery period. Although the parties have informally continued to permit discovery, the discovery cutoff, as set forth in the June 16, 1992 pretrial order, was August 10, 1992. The court was informed by the parties that discovery has been continuing. If counsel have amicably agreed to permit continued discovery, obviously, this is not an issue for the court. However, because the instant request impacts the court, it must now become involved, adjudicating that request.

■ Defendant's request for continuance of the trial date, one week prior to trial, in fact, represents an untimely motion for extension of time. Because this request is untimely, the court would impose upon defendant the burden of establishing excusable neglect. This standard is a strict one; a finding of excusable neglect is proper only when "circumstances ... are unique or extraordinary." *In re Ghosh,* 47 B.R. 374, 375 (E.D.N.Y.1984). Defendant's counsel maintained that defendant had not previously retained an accountant to examine plaintiff's allegations as the issue of Debtor's solvency and certain accounting documents in support of that allegation were not in issue. The court is not persuaded by this allegation. Solvency is a necessary element of both fraudulent and preferential transfers. It is not an issue recently alleged by plaintiff. The court is not persuaded by this assertion nor is it convinced that this excuse demonstrates the "failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Maher,* 51 B.R. 848, 850 (Bkrtcy.N.D.Iowa 1985) (citations omitted). Defendant's counsel asserted that its expert accounting firm was unable to accept employment prior to review of its records for any conflicts of interest. Notwithstanding that this review may have delayed the firm's acceptance, defendant could have contacted that firm, or another firm, during the two year pendency of this case.

Furthermore, numerous pretrials and hearings have been held during the pendency of this adversary proceeding, including:

October 2, 1990—pretrial upon complaint for avoidance of preferential and fraudulent transfers; appearances: Beth

Beech, atty. for plaintiff and Russell Miller, attorney for defendant;

October 19, 1990—hearing upon defendant's motion for substitution; appearances: Donna Weaver/John Gustafson, attorneys for Debtor, Louis Hattner, attorney for Leo and Paul Goldner, John Carey/Beth Beech, attorneys for unsecured creditors' committee and Russell Miller, attorney for defendant;

November 28, 1990—pretrial upon complaint for avoidance of preferential and fraudulent transfers; appearances: John Gustafson, attorney for Debtor, Beth Beech, attorney for unsecured creditors' committee and Russell Miller, attorney for defendant;

June 6, 1992—pretrial upon plaintiff's second amended complaint; appearances: John Carey, attorney for plaintiff and Russell Miller, attorney for defendant.

Given defendant's awareness of the issues for trial, as stated in plaintiff's complaint and numerous pretrial motions, including the trustee's motions for summary judgment, declaratory judgment and turnover, defendant's request for a continuance of the trial date should be denied.

■ Plaintiff asks that defendant be precluded from introducing evidence regarding identification and tracing. *See supra.* The court will permit defendant to introduce evidence regarding this issue. As stated from the bench, the parties are to make available for deposition, the expert witnesses each intend to call. These witnesses are to be available Monday or Tuesday, September 28 or September 29, 1992. Plaintiff's motion in limine should be denied.

Finally, plaintiff's motion to deem particular facts admitted or to preclude the independent introduction of evidence in opposition is also not well taken. In light of this court's order, same should be denied. The court will allow defendant to introduce evidence, including expert testimony. As a result, those facts which plaintiff seeks to be deemed admitted may be disputed by defendant. In light of the foregoing, it is therefore

ORDERED that motion of defendant Society Bank & Trust to continue trial date to a date certain be, and hereby is, denied; the trial, beginning September 30, 1992, shall be held as scheduled. It is further

ORDERED that motion of plaintiff John J. Hunter, Trustee in limine be, and hereby is, denied. It is further

ORDERED that motion of plaintiff John J. Hunter, trustee to deem particular facts admitted or to preclude the independent introduction of evidence in opposition be, and hereby is, denied.