In the Matter of BAY BROADCASTING, INC., Debtor.

Carlos J. LASTRA, Appellant,

v.

Anthony J. ESTEVEZ, Linda Estevez and Florida Advisors Financial, Inc., Appellees.

Civ. No. 91–1277 (DRD).

United States District Court, D. Puerto Rico.

May 25, 1995.

---

370

Charles A. Cuprill–Hernandez, Ponce, PR, for appellant.

Brian K. Gart, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, for appellees.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

### I. Introduction

This is an appeal from the Bankruptcy Court's final Order entered on July 2, 1990 granting in favor of the Appellees their "Renewed Motion for Payment of Superpriority and Administrative Expense Claims" in the amount of $99,600.00

Jurisdiction is sought under 28 U.S.C. § 158(a) and Fed.R.Bankr.P. no. 8001.

### II. Facts Pertinent to the Appeal

We restate briefly the facts relevant to the case according to appellant's brief.[1]

The bankruptcy case was originally filed as a 11 U.S.C. Chapter 11 reorganization proceeding in the United States Bankruptcy Court for the Southern District of Florida ("Florida") and subsequently transferred to the Bankruptcy Court for the District of Puerto Rico ("P.R.")

The Bankruptcy Courts have issued the following orders that are pertinent to the issues on appeal:

a). On May 14, 1987 the Florida Court issued an order granting Debtor leave to borrow up to $60,000.00 as a superpriority in order to meet past due payroll;

b). On August 13, 1987 the P.R. Court issued an order granting Debtor leave to borrow up to $200,000.00 as a superpriority administrative claim for its ordinary business;

c). On March 18, 1988 authorization was given by the P.R. Court to sell debtor's assets ("sale order");

d). On May 11, 1988 an order was issued by the P.R. Court establishing conditions to be met in order to proceed with the sale of debtor's assets.

Debtor and creditors agreed that the sale of the "station" as a going concern would be

---

1. Appellees are satisfied with the statement of facts of Appellant even though objection is made to appellant's conclusions and characterizations.

the best solution to Debtor's financial crisis. Several bids or purchase offers were received but none of them materialized.

Upon the collapse of one of the purchase offers, on February 3, 1989, Appellees filed a "Motion for Payment of Administrative Claim" in which payment was claimed for expenses allegedly incurred to preserve Debtor's estate during the negotiations of the proposed sale.

Appellees' motion was later amended on September 13, 1989. The amended motion contains the following claims:

| | |
|---|---|
| under the order of May 14, 1987 | $ 32,100.00 |
| under the order of August 13, 1987 | $ 47,500.00 |
| under the order of May 11, 1988 | $20,000.00 |
| legal fees | $59,815.00 |
| **total** | **$159,415.00** |

Appellant filed separate answers to Appellees' motions as amended on February 7, 1990 objecting specifically to each of the amounts claimed. Appellant claimed that Appellees were only entitled to a total of $17,500.00.

On March 9, 1990 the Bankruptcy Court issued an order converting the case to a chapter 7 liquidation.

■ On June 4, 1990 Appellees renewed their motion for payment making reference to the original motion for payment and the amended motion. The Bankruptcy Court scheduled a hearing for July 2, 1990, to consider two motions filed by Appellees: a) "Motion for Rehearing and Amendment of Order of March 9, 1990", and "Request for Status Conference". Appellant's attorney requested a continuance of the hearing which was denied by the Court.[2] The Court, however, allowed appellant to present its written position regarding the motions included in the schedule notice. Appellant filed its written position without renewing its position on the motions for payment previously filed by Appellees.

At the hearing of July 2, 1990 the Court considered appellees' motions for payment

and issued an order granting them the amount of $99,000.00 from the original $159,415.00 claimed.

Appellant claims that the hearing notice did not include the motions for payment and hence the Bankruptcy Court should not have addressed them. Appellees sustain that in one of the motions scheduled for July 2, 1990 they specifically requested consideration of their motions for payment.

### III.  Standard of Review

■ The standard of review upon orders implicating due process claims is plenary, de novo. *In re Center Wholesale, Inc.,* 759 F.2d 1440 (9th Cir.1985). Questions of fact relating to said due process claim are examined under the clearly erroneous standard. *In re Center Wholesale, Inc.,* ibid.

■ The standard of review upon orders implicating equitable discretion of bankruptcy court in directing payment of administrative expenses is abuse of discretion. *In re Colortex Industries, Inc.,* 19 F.3d 1371 (11th Cir.1994); *In re Hemingway Transport, Inc.,* 993 F.2d 915, 929 (1st Cir.1993).

### IV.  Discussion

*Due Process Claim*

■ Appellant argues that "[t]he Bankruptcy Court abused its discretion in holding a hearing to decide the issue of payment without notice that such a matter would be considered on July 2, 1990, and thus without granting Appellant reasonable notice and an opportunity to be heard in regard thereto, in clear violation of the due process clause of the 5th and 14th amendments to the Constitution of the United States." Although appellant admits the filing of objections to the motions for payment, Appellant assures the Court that the Bankruptcy Court "did not even consider them."

Appellees assert that the trustee filed three pleadings setting forth his position on the issue of payment. We find on the record the following written appearances by the

---

**2.** The denial of a Motion for Continuance by the Bankruptcy Court is a matter of sound judicial discretion (*In re Parker Steel Co.,* 149 B.R. 856

(Bankr.N.D.Ohio 1992)); we find no reason to overturn said order.

trustee: "Motion in Opposition of Payment of Administrative Claim" dated February 23, 1989, "Answer to Motion for Payment of Administrative Claim" dated February 7, 1990, and "Answer to Renewed Motion for Payment of Superpriority Administrative Claim" dated June 29, 1990. Based on the filed motions described above, Appellees contend that Appellant was not deprived of a meaningful opportunity to be heard regarding the correctness of the amounts claimed. The Court agrees.

Section 503(b) of the Bankruptcy Code provides in pertinent part that:

"After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this title."

The record shows that at the hearing of December 6, 1989 the Court acknowledged the requests for payment filed by Appellees and ordered: "4—Should the sale fail to come through during those specified periods of time then *the Court may enter* an order approving the motions for payment of administrative claims."

The record also reveals that on their "Renewed Motion for Payment of Superpriority Administrative Expense Claim" Appellees specified the date of the hearing, July 2, 1990; that Trustee filed an "Answer to Renewed Motion for Payment of Superpriority Administrative Claim" in which it recited the names of the motions scheduled for hearing and specifically stated: "There is nothing else scheduled for said date in this case." However, Trustee acknowledged the fact that there were two other matters pending which were the requests for payment. Trustee also specifically stated regarding the requests for payment that: "Both have been answered by Lastra and are *sub judice*." Trustee acknowledges the renewed motion and states that appellees are misleading the parties in interest by creating an impression that said motion is set for hearing on July 2, 1990 at 2:00 pm *"when the matter has already been considered, is sub judice and has not been scheduled again by this Court."*

It is this Court's understanding from the record that even before July 2, 1990, upon failure of the sale of the debtor's assets to come through, the Bankruptcy Court could have ruled on the requests for payment filed by Appellees.

Further, upon examination of the two motions filed by Appellees which were scheduled for July 2, 1995 one finds the following language in the text of the motion entitled "Motion for Rehearing and Amendment of Order of March 9, 1990":

"6. Moreover, the Court indicated that it would consider entering orders approving the motions for payment of administrative claim in advance of any conversion. In this regard, the Estevez motion of September 14, 1989 also includes a request for a return of the initial $15,000.00 deposit which was to remain refundable in the event a sale did not close. These funds were derived from the Movants and placed with the Clerk of the Court by the undersigned. It should now be returned to the undersigned and not be subject to administration by the Trustee."

■ We must conclude that upon Court order for the trustee to express his position regarding the two Motions, and if the trustee was to comply properly with the order, he should have addressed the requests for payment, if he had anything to express different from or additional to the position already expressed on the record.

The trustee had adequate opportunity to present his position and as a matter of fact his position was filed in Court, therefore no due process right was violated in the instant case by the Bankruptcy Court's order for payment of administrative expenses.

■ In addition thereto, the due process argument is moot taking into consideration that Appellant filed a "Motion to Reconsider" which was considered and denied by the Bankruptcy Court in a marginal order.

*Merits of the Claims*

A review of the Trustee's position regarding each specific claim reveals the following:

Appellant objects to Appellees' demands under the order of May 14, 1987 because, except for $5000.00, every other amount re-

lates to payments made to third parties by the Appellees.

Appellant objects to Appellees' demands under the order of August 13, 1987 because, except for $12,500.00 every other amount refers to payments made to third parties by Appellees.

Appellant objects to Appellees' third demand which is a claim for refund of $15,-000.00 deposited by Estevez for the purchase of the station in compliance with the Order of May 11, 1988 plus $5000.00 advanced to cover operational losses.

Regarding the first two claims of Appellees, under the orders of May 14, 1987 and August 13, 1987 respectively, Appellant's position is that because the payments were not made directly to the Debtor the same are not recoverable as an administrative expense. The Court rejects this argument.

■ The trustee misinterprets the requirement that for an expense to qualify as an administrative expense it must arise from a transaction with the debtor-in-possession. *In re Mammoth Mart, Inc.,* 536 F.2d 950, 954 (1st Cir.1976). This requirement mandates that the expense be incurred after there is a debtor in possession and not when there is a pre-petition debtor. See *In re Jartran,* 732 F.2d 584 (7th Cir.1984). Further, the expenses were necessary to maintain, preserve and/or rehabilitate the estate under Section 503(b)(1)(A) of the Code. *In re Mammoth Mart, Inc.,* supra.

■ Appellant merely states that the objected payments were made to third parties. Appellees, however, clarify in their brief and the record reflects (Appellees Exhibit I) that the payments were made as follows: a) through debtor's other security holder, Advisors Investor Group (A.I.G.), who used the funds together with its own to pay past due payroll, and b) through A.I.G. who used the funds together with its own to fund Debtor's ongoing operations. See in extenso Appellees Exhibit I.

The payments were made in compliance with the Court orders to maintain the Debtor's continuing operations, covering overdue payroll and post petition financing. Those expenses, which were incurred in order to maintain, preserve and rehabilitate the bankrupt estate are undisputedly entitled to priority under the Bankruptcy Code Section 503(b)(1)(A): "the actual necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after the commencement of the case." The words "actual and necessary" have been construed to require the debt to benefit the estate and creditors. *NL Industries, Inc. v. GHR Energy Corp.,* 940 F.2d 957 (5th Cir.1991), cert. denied, 502 U.S. 1032, 112 S.Ct. 873, 116 L.Ed.2d 778 (1992).

■ Appellees requested a refund of $15,000.00 which Mr. Estevez deposited, as member of Century Telecast Corporation, pursuant to the purchase offer which was approved by the order of May 11, 1988. The purchase offer stated nine conditions that would have to be met in order to proceed with the sale. Immediately after listing the nine conditions the Purchase offer stated: "In the event any of the following conditions are unacceptable or are not met prior to closing, Purchaser shall be entitled to an immediate return of his deposit." Appellant's position is that since no conditions were listed *after* that statement, none existed and the purchaser was not entitled to a refund of his deposit. The Court rejects Appellant's interpretation of the offer. The immediate return of the deposit was one of the covenants inducing the bidder to participate.

■ Appellees were also authorized by the Bankruptcy Court for the reimbursement of $5000.00 which the appellees advanced to the debtor under the "sale order" of March 18, 1988. The sale order stated that the funding provided to debtor to cover for operational losses would constitute an administrative priority *unless the purchase was perfected.* The $5,000.00 were advanced by Appellees to the debtor to cover operational losses and since the purchase was not perfected, the reimbursement is to be allowed for it enjoys administrative priority under the sale order.

■ Finally, regarding the claim for $59,-815.80 in attorneys fees made by Appellees, Appellant alleges that the same offends the provisions of the Bankruptcy Code since

there is no provision authorizing the fees. Appellees do not address this issue.

Appellant cites sections 327 and 328 of the Bankruptcy Code in support of its position. Under section 327 it is the trustee who, with the court's approval, may employ professionals to represent or assist him in carrying out his duties under the Code. Under section 328 the trustee may employ or authorize the employment of a professional person under the section 327 on any reasonable terms and conditions of employment. Except for Appellant's arguments, we do not find any discussion on the record regarding the request for compensation of legal fees. Therefore, on this particular aspect we remand the case to the Bankruptcy Judge in order that the Court may make a finding as to the following:

a) Whether, the legal services resulted in benefit to Debtor's estate *In re American 3001 Telecommunications, Inc.,* 79 B.R. 271 (1987);

b) potential excessive legal fees *Matter of Boston and Maine Corp.,* 46 B.R. 990 (D.C.Mass.1985), and

c) whether counsel's efforts enhanced the estate, *In re Tinsley and Groom,* 49 B.R. 94 (1985).

WHEREFORE the Bankruptcy Court's Order of July 2, 1990 is hereby **affirmed** in part and **remanded in part** for further proceedings consistent with this opinion.

Judgment shall be entered accordingly.

IT IS SO ORDERED.